THE COMPOUND LUMBER COMPANY

*v.*

FRANCIS T. MURPHY *et al.*

169  343
75a  394
169  343
111a  ²412

*Opinion filed November 1, 1897—Rehearing denied December 9, 1897.*

1. MECHANICS' LIENS—*under the law prior to 1895 lien covered only materials actually used.* Under the Mechanic's Lien law as it existed prior to the revision of 1895, a lien for materials could be enforced only to the extent of the materials actually used in the building, without regard to the amount delivered under the contract.

2. PAYMENTS—*how court will apply payment where two debts exist, only one being secured.* Where a party owing two debts to the same person, only one of which is secured, makes a payment without direction as to its application, the court will not necessarily apply it to the unsecured debt, unless, from a consideration of all the circumstances, such a course seems just and equitable.

3. SAME—*payment on debt for materials applied to portion of debt secured by mechanic's lien.* A payment on a debt for materials furnished under a contract, a part of which was secured by a mechanic's lien, made by the debtor without direction as to its application, is held by the court as properly applied to that portion of the debt secured by the lien.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

This is a proceeding by the Compound Lumber Company of Chicago, who is plaintiff in error here, to establish a mechanic's lien for lumber and finishing materials furnished in the construction of a large building known as 4601 to 4607 Woodlawn avenue, in the city of Chicago, the lots being owned by Annella Rood on the 26th day of April, 1893. On this date a contract was made with plaintiff in error, by which it contracted to furnish, and afterwards, by July 18, 1893, did furnish on the premises, a bill of lumber and finishing materials amounting to $3559.33. After the date of this contract, on May 26, 1893, Francis T. Murphy purchased an undivided one-half of the premises, and on December 19 following, Frank Cleary became

the owner of the other half. Being unable to obtain pay for the materials thus furnished, the plaintiff in error, and a number of other material-men and laborers, filed their statements for lien, plaintiff in error's statement being filed on the 18th of July, 1893. On December 7, 1894, the Ketcham Lumber Company having begun proceedings in the Cook county circuit court to enforce its claim for lien, the Compound Lumber Company filed its cross-petition in that cause. Before the master in chancery had completed taking the testimony, the latter company received $1600 from Bogue & Co., who were parties negotiating a building loan on the building in favor of the Lewis estate. Defense to the claim of the Compound Lumber Company was made by Murphy, Cleary, and others. The master reported as to this claim that the statement for lien had been properly filed, showing an amount of $3559.33 due on the 18th of July, 1893, but also found that only $1300 worth of said material was actually used in the construction of the building; that a payment of $1600 had been made by Bogue & Co. on July 15, 1895, and that this payment was made by them "as and for a payment of so much of said $3559.33 as was secured by the mechanic's lien on account of the material becoming a part of the building on said premises, and that said $1600 was not paid by said Bogue & Co. for the purpose of paying the debt, generally, of Annella Rood," and, as it appeared to him the lumber company had already been paid for more lumber than was actually used in the building, he refused to allow the claim for lien. Exceptions being filed to the master's report, the court, upon a hearing, decreed that the lumber company have a lien against the premises for the remainder of the material furnished after deducting the $1600, amounting to $1959.33, with interest from the 12th day of August, 1893. As to the payment of $1600 the decree is: "The court further finds that said payment of $1600 made on January 15, 1895, was made by said Bogue & Co. out of funds held by them at the time

of the acceptance of said order, belonging to said Annella Rood." From this decree Murphy and Cleary appealed to the Appellate Court for the First District, where the decree as to the Compound Lumber Company was reversed and a judgment rendered in substantial conformity with the finding of the master. From that judgment the Compound Lumber Company brings the cause to this court upon writ of error.

BULKLEY, GRAY & MORE, for plaintiff in error.

WILLIAMS, LINDEN, DEMPSEY & GOTT, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is insisted by plaintiff in error, that having fully complied with its contract to furnish material, and having delivered it upon the premises where it was to be used, it is entitled to a lien for the whole bill. Defendants in error, in opposition to this claim, insist that only a part of the lumber so contracted for was actually used in the construction of the building, and that a mechanic's lien can only be enforced to the extent of materials actually used. This contention is disputed by plaintiff in error, and it becomes a question of fact whether the whole amount of material was actually used in the building. The master found that only $1300 worth of material was so used, and the Appellate Court concurred in that finding. From an examination of the testimony on this point we are inclined to think the evidence is sufficiently clear to warrant such a conclusion. We do not understand that the finding of the trial court differs from that of the master in this particular. It does not appear from the testimony what became of the remainder of the materials thus furnished; and whether they were removed from the premises or whether they still remain there, to be attached later, is not shown. The rights of the parties to this cause must be determined according to the

law as it existed prior to the act of 1895, which materially changed the law in relation to mechanics' liens. It is well settled by the decision of this court under the law which existed prior to this revision, and the rule is founded in justice, that the lien sought to be established in this cause can only be enforced against the property to the extent of materials actually used in the construction of the building. *Hunter* v. *Blanchard*, 18 Ill. 318; also *Chicago Artesian Well Co.* v. *Corey*, 60 id. 73.

Counsel for plaintiff in error insist that although it may be found to be true that only a part of the materials was actually attached to the building, yet, under the contract to pay for material in cash when delivered, the $1600 paid would apply on the unsecured part, or the part for which no lien would attach, there being no direction as to the application of the fund,—that is to say, that where there are two debts, one of which is secured and the other not, if the party make no application of the fund the law will apply it to the unsecured part,—and counsel cite *Wilhelm* v. *Schmidt*, 84 Ill. 183, and *Plain* v. *Roth*, 107 id. 588, as supporting their contention. We think counsel err in seeking to apply this principle of law to the case in hand. As will be seen upon an examination of the cases cited, the court will take into consideration all the circumstances surrounding the parties, and will make the application of payment only when the parties themselves have failed to make it, and even then the application will be made only in accordance with equity and justice. Can it be said in this case that the master was wholly unwarranted in finding that the parties themselves applied the $1600 which was paid? We think not. It appears that the fund from which this payment was made was borrowed by the owner of the property and was paid out by Bogue & Co. in payment of general building expenses, the very object of this loan being to enable Annella Rood to construct this building. Clearly, the master was justified in holding that the payments by Bogue &

Co. were made in furtherance of that object, and that it was the intention to apply this money, not to the general debts of Mrs. Rood, but in discharge of claims for labor and material which might become a lien against this property. Furthermore, Murphy and Cleary, who purchased this property, as well as all persons having claims against the building, had a right to expect that no lien would be enforced against it for material not actually used in its construction, such a claim not being recognized by the law at that time.

From an examination of the whole case, and for the reasons stated, we are satisfied that the judgment of the Appellate Court refusing to decree a lien in favor of the Compound Lumber Company is right. It will be affirmed.

*Judgment affirmed.*