# Charles Brunner v. William C. Picking, Assignee, et al.

1. Mechanics' Liens—*Under Law in Force Prior to 1895, Lien Only Covered What Was Attached to the Real Estate.*—In order to establish a mechanic's lien under the statute in force prior to July 1, 1895, it was incumbent upon the claimant to show that the materials he furnished and the labor he performed went into something that was attached to and formed part of the real estate.

Mechanic's Lien.—Appeal from the Circuit Court of La Salle County; the Hon. Charles Blanchard, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898. Rehearing denied May 19, 1898.

## Statement of the Case.

Appellant filed his petition July 20, 1895, in the Circuit Court of LaSalle County, for a mechanic's lien upon certain real estate in that county for labor and repairs done for Barber Brothers, all but $1.20 of which was alleged to have been incurred before July 1, 1895. The suit was defended by their assignee, and also by the owner of the land described in the petition, which Barber Brothers occupied under a lease. Upon a hearing in the Circuit Court there was a decree that appellant was not entitled to a lien and his bill was dismissed, and from that decree he prosecutes this appeal.

Appellant alleged in his bill that he was a manufacturer and repairer of steam and other engines, boilers, machinery, shafting, pulleys, brick and tile manufacturing machinery and dies therefor, trucks and appliances pertaining to the manufacture of brick and tile; and that he furnished materials and labor for and made certain repairs, improvements, alterations and betterments in and about the boilers, engines, brick and tile making machinery, dies and kilns and appurtenances connected therewith, all fixed and situated as a part of the brick and tile manufacturing plant of said Barber Brothers on the piece of land described in the bill. His right to a lien was denied by the answers, and appellees

make the point here against appellant that there is no testimony that any part of the bill contracted by Barber Brothers, and for which this suit was brought, was used for the betterment or improvement of said tile factory, or was applied to anything annexed to the real estate.

FRED T. BEERS, attorney for appellant.

VINCENT J. DUNCAN and HASKINS & PANNECK, attorneys for appellees.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

In order to establish a lien under the statute then in force, it was incumbent upon appellant to show that the materials he furnished and the labor he performed went into something that was attached to and part of this real estate. Hunter v. Blanchard, 18 Ill. 318; Compound Lumber Co. v. Murphy, 169 Ill. 343. We have carefully examined the evidence in the record and find no proof upon this subject except the answer to a single question put by appellant's attorney to one of defendants' witnesses on cross-examination which question and answer are as follows: " Q. And these repairs and the like that were got from Mr. Brunner were actually used and connected with that tile factory, weren't they? A. Yes, sir; what we got from Mr. Brunner." We find nothing else in the evidence that has any tendency to show that all or any particular part of the bill here sued for in any way entered into or became a part of or aided in the betterment or improvement of the real estate in question. The evidence shows that the bill was for repairs and labor furnished Barber Brothers from time to time, but whether said repairs were upon realty or upon machinery attached to the realty or whether they were upon personal property used by Barber Brothers in their tile business is not shown. Said labor and repairs may have been upon buildings and fixed machinery, or they may have been upon movable personal property used in connection with the factory, such as tools, trucks, etc. They may

have been partly upon the one and partly upon the other; and if so, there is no evidence to show how much of the bill went into that which is attached to the realty. On these subjects the record is silent. The one question and answer above quoted is in our judgment altogether too vague and uncertain to entitle appellant to a lien upon the real estate for any particular sum of money.

This lack of proof was fatal to appellant's claim for a lien, and the decree of the court below will be affirmed.