THE STATE BANK OF ROCK ISLAND, Appellee, *vs.* CECIL E. BRYAN *et al.* Appellants.

· *Opinion filed April 22, 1915—Rehearing denied June 10, 1915.*

1. SURETIES—*what defense cannot be availed of at law.*  While a court of law will allow to a surety the defense that the creditor has negligently lost securities pledged for the debt, such rule can not apply to a case where there are different debts and different securities and sureties, some of whom are not before the court.

2. SAME—*marshaling of securities is an equitable proceeding to which all interested persons must be parties.*  The marshaling of securities where there are different debts, different securities and different sureties is an equitable proceeding, and requires that all interested persons should be parties to the proceeding and bound by the decree of the court.

3. SAME—*what is not a defense to action against guarantors.*  It is not a defense to an action against guarantors that the plaintiff is liable to them in some amount to be ascertained by an accounting between the defendants, the plaintiff and third persons who are not parties to the suit and who would not be bound by the judgment but might call upon the plaintiff to account in another proceeding.

4. SAME—*when creditor is a trustee for sureties liable on different debts.*  A creditor who holds collateral for several debts of the same debtor on which different sureties are liable is, in effect, a trustee for all, and as a judgment determining his liability ought to be binding upon all, all persons interested should be made parties to the proceeding in which the liability is ascertained.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. F. D. RAMSAY, Judge, presiding.

SEARLE & MARSHALL, and HARRY E. BROWN, for appellants.

J. T. & S. R. KENWORTHY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

On December 17, 1906, the State Bank of Rock Island, the appellee, discounted a ninety-day note of the Concrete Construction Company for $7000, upon which was indorsed a guaranty of payment signed by Cecil E. Bryan, Harry E. Brown, A. W. Weimer, William Weimer, (the appellants,) and by J. S. Wilbert. Bryan was the president and Wilbert the secretary and treasurer of the Concrete Construction Company. The bank brought a suit upon the guaranty and recovered a judgment for $9448.55, from which all the guarantors but Wilbert appealed. The Appellate Court for the Second District affirmed the judgment and allowed a further appeal to this court, having made a certificate of importance.

Numerous pleadings were filed, not all of which appear in the record. The abstract shows four pleas, the first of which alleges that the Concrete Construction Company assigned to the appellee as security for the note, together with other indebtedness, an account for $4500 against the General Construction Company, which the appellee did not collect but permitted the Concrete Construction Company to collect and apply to its own use, whereby the defendants lost the benefit of it. The second plea abstracted alleges that the Concrete Construction Company delivered to the appellee as security for its indebtedness, including the note sued on, a note of Katherine Major for $5000, which the appellee delivered and transferred to Wilbert, whereby the defendants lost all benefit of it, and that the Concrete Construction Company had become a bankrupt. The third plea alleged that Wilbert, one of the guarantors, delivered to the appellee as security for the indebtedness of

the Concrete Construction Company, including the note sued on, fifty-seven shares of stock in the Richardson-Gay Oil Company, worth $220 a share, which the appellee returned and delivered to Wilbert, who has left the State of Illinois and is insolvent, whereby the defendants lost all benefit of the stock. The fourth plea appearing in the abstract alleges that Cecil E. Bryan, one of the guarantors, delivered to the appellee as security for an indebtedness of the Concrete Construction Company, including the note sued on, thirty shares of stock in the Tri-City Cement Products Company, worth $50 a share, and ten shares of preferred and five shares of common stock in the Northwestern State Cement Company, worth $150 a share, all of which the appellee wasted and misapplied; that Cecil E. Bryan is insolvent and the defendants lost all benefit of the stock.

More than forty replications were filed, issues were joined and the cause was tried by a jury. At the close of the defendants' evidence the court excluded all the evidence offered by the defendants except that relating to the Major note and that relating to a payment of $1019.83, the proceeds of the Northwestern State Cement Company stock. Upon special interrogatories submitted to the jury without objection, the jury found that the Major note was not pledged as security for the indebtedness of the Concrete Construction Company to appellee, and that the fifteen shares of Northwestern State Cement Company stock were sold and the proceeds ($1019.83) applied on a note of the Concrete Construction Company to appellee other than that sued on, which was guaranteed by Bryan and Wilbert. As to the fifty-seven shares of Richardson-Gay Oil Company stock, there was evidence that the appellee had possession of it at the commencement of the suit, and as to the $4500 account against the General Construction Company, that it was collected by the Concrete Construction Company.

The Concrete Construction Company was indebted to the appellee not only upon the $7000 note in controversy here but upon several other notes, some of which were guaranteed by persons not parties to this suit. Part of the securities delivered to the bank belonged to the Concrete Construction Company, part to Bryan and part to Wilbert. All were pledged as collateral security for all indebtedness of the Concrete Construction Company, of Bryan and of Wilbert to the appellee. Upon this record the court might properly have sustained the appellee's motion to exclude all of the defendants' evidence and have directed a verdict for the plaintiff. None of the pleas presented a defense to the suit. From each it appears that the appellee negligently lost or surrendered the securities pledged for the debt, and clearly such negligence will release sureties or guarantors to the amount of the loss. (*Kirkpatrick* v. *Howk,* 80 Ill. 122; *Rogers* v. *School Trustees,* 46 id. 428; *Holmes* v. *Williams,* 177 id. 386.) If no other persons had been interested in the collateral but the appellee and the defendants the pleas would have presented a good defense to the extent of the securities lost. The pleas, however, all state that the collateral was pledged not only for this debt but for other indebtedness, and it cannot be assumed that no other persons are interested in such other indebtedness as sureties or that such other indebtedness has been paid. Such assumption in this case would clearly be contrary to the fact. The facts, therefore, presented a case in which the appellee was bound to account to the defendants for the securities which it held, but not to the defendants alone. For its breach of duty and negligence each of the persons interested was equally entitled to call it to account, but each was not entitled to do so separately. Bryan and Wilbert were guarantors of all the indebtedness, the appellants (except Bryan) were guarantors of a part, and other persons were guarantors of another part. Part of the securities belonged to the principal debtor, part to Bryan and

part to Wilbert. By the defense sought to be made here the court is called upon to marshal the securities, and would be obliged to determine the order of their application to the debts secured and apportion the amount of the loss among the defendants themselves and among the defendants and the other sureties, and to do this in the absence of such other sureties. While a court of law will allow to a surety the defense that the creditor has negligently lost securities pledged for the debt, this rule can not apply in a case where there are different debts and different securities and different sureties, some of whom are not before the court. The marshaling of securities required in such a case is an equitable proceeding, and requires that all the interested parties should be parties to the proceeding and bound by the decree or judgment of the court. The appellants were liable on their guaranty. It is not a defense that the appellee is liable to them for some amount to be ascertained by an accounting among the appellants, the appellee and third persons who are not parties to the suit, who would not be bound by the judgment and who might again call upon appellee to account in another proceeding to which the appellants would not be parties. The taking of the securities did not impose upon appellee the obligation to realize upon them before bringing suit upon the guaranty or entitle the guarantors to a credit for the value of the securities. Their liability was absolute, and the appellee was liable only for negligence in regard to the securities.

In *Bank of Monroe* v. *Gifford,* 79 Iowa, 300, the court refused to take into consideration the liability of the creditor to account to other sureties for a proportionate amount of the collateral involved and affirmed a judgment in favor of the surety, without reference to the right of other persons who were sureties but not parties to the suit to recover any portion of the securities lost. We have found no other similar case, and in our judgment a creditor who

holds collateral for several debts for which different sureties are liable, is, in effect, a trustee for all, a judgment determining his liability ought to be binding on all, and all should therefore be parties to the proceeding in which such liability may be ascertained.

A number of errors have been assigned and argued, but since we hold that the defense cannot be maintained they need not be considered.        *Judgment affirmed.*