## Aurora Trust & Savings Bank, Plaintiff in Error, v. M. J. Whildin, Defendant in Error.

## Gen. No. 6,404.

1. BILLS AND NOTES, § 333*—*when accommodation maker may offset dividends from estate of bankrupt maker misapplied by payee trustee.* Where the principal maker of a note became bankrupt and by agreement with his creditors his estate was assigned to trustees, one of whom was the payee of the note, a bank, to make settlement of his debts therewith, in which agreement an accommodation maker of the note was dissuaded from joining by the payee after he had offered to pay the note, and, prior to his appointment as a trustee, the payee assented to the request by the accommodation maker that the payee put in the accommodation maker's claim with the rest of the claims against the bankrupt, the accomodation maker promising to pay the payee any balance after his claim should be pro rated with the rest, and the payee did so put in the accommodation maker's claim, but, upon settlement by the trustees, applied the pro rata share of the dividends to other unsecured debts held by the payee against the bankrupt, *held* that the accommodation maker would be entitled to have such pro rata dividend allowed him in defense to an action by the payee to recover on the note, and the payee should have applied to equity for any marshaling of securities to which he may have been entitled in equity.

2. PLEADING, § 109*—*right to both notice of special matter of defense and to special plea.* A defendant is not entitled to notice of a special matter of defense under the general issue and also to a special plea.

3. APPEAL AND ERROR, § 425*—*how question whether defendant is entitled to notice of special matter of defense and special plea may be raised.* To raise the question whether a defendant is entitled to notice of a special matter of defense filed with the general issue and also to a special plea, there must either be an application to the trial court to require him to elect under which he will proceed or a motion by plaintiff to strike one or the other from the files.

4. APPEAL AND ERROR, § 1035*—*when error is waived.* A point of error not assigned is waived.

Error to the City Court of Aurora; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 16, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Charles H. Darling, for plaintiff in error.

Mighell, Gunsul & Allen, for defendant in error.

Mr. Justice Dibell delivered the opinion of the court.

On January 8, 1916, the Aurora Trust & Savings Bank recovered a judgment by confession against M. J. Whildin for $1,432 in the City Court of Aurora upon a judgment note for the principal sum of $1,300, with interest at 6 per cent. per annum, dated January 23, 1911, signed by Francis H. James and M. J. Whildin, in which "I, we or either of us" made the promise and on which note there were various indorsements of interest paid. Thereafter, on motion of defendant, the judgment was opened with leave to plead and he filed a plea of the general issue, with notice of special matter in defense. Thereafter, as it appeared that defendant only claimed a defense as to $450, it was ordered that the sheriff collect $982 from defendant on the execution already issued. The cause was tried by a jury, and before the end of the trial defendant filed by leave of court over the objection of plaintiff a plea of payment. Plaintiff filed a replication and issue was joined thereon. No instructions were requested by either party and none was given, except as to forms of verdict. The jury assessed plaintiff's damages at $104.65. Plaintiff moved for a new trial and it was denied and plaintiff has sued out this writ of error to review the judgment on said verdict. If defendant was entitled to the credit which he claims, the verdict and judgment are correct. If he was not entitled to the credit which he claims, then the verdict and judgment are erroneous.

Whildin was accommodation maker on said note and Francis H. James was the maker. James was a grocer at Big Rock, and Whildin was then in the machinery and hardware business at the same place. In March,

1913, F. M. Price recovered a large judgment against James and closed his store. Thereafter a compromise was effected between James and his creditors and reduced to writing, by which James assigned to said bank and Olney Allen, of Aurora, all his real and personal property, credits and effects, including his interest in real estate left by his deceased father, and the trustees were to convert said property into money and pay the expenses (the trustees acting without compensation) and were to pay James $400 in cash for his exemptions, and $50 to the attorney for James, and were to divide the residue pro rata among the creditors who entered into the agreement. The claims of the creditors were to be put in under oath and the trustees were to pass upon their validity. It was therein provided that that contract should not prejudice or affect the rights or remedies of the creditors against any surety and should not prejudice or affect any security which any creditor had for his debt. The creditors agreed to accept this contract in satisfaction of their claims against James and to release him. Whildin was not a party to this contract. The trustees converted the property into money and paid to the creditors dividends amounting to 37.96 per cent.

After James failed and before this composition agreement was entered into, Whildin offered to Smith, the president of plaintiff, to pay this note. If he had done so and had signed this agreement, as substantially all the creditors did, he would have received these dividends. The bank dissuaded him from doing so. Later, but before the composition agreement was made, Whildin had another interview with Smith in which defendant said to Smith: "Now, you have my note here, and you live here in Aurora, you understand business better than I do. You put my claim right in with the claims you hold, to the trustees, when this matter comes up, and after payment is made

upon my note pro rata with the rest, whatever you are short to make up the amount of the note, I will pay you.'' Smith assented to this. The bank held four notes against James, the note here in suit and one other executed by a surety, and two others for which it had no security. The bank received from the trustees these dividends. It did not apply it pro rata on the note on which Whildin was security, but applied it to pay in full its two unsecured notes and then the rest on the two secured notes pro rata. As no instructions were asked, no ruling was asked from the court on any question of law involved, except by the motion for a new trial, upon which no points were filed. The jury allowed to Whildin the application of his pro rata share of the entire sum received by the bank from the trustees.

Under the circumstances we have above stated, Whildin lost his opportunity to pay the note and present it as a claim and receive his pro rata share of the dividends on the entire note. He was lulled into security by Smith's conversations with him. Under these circumstances we are of opinion that the bank was bound to apply on this note its pro rata share of the entire dividend received by the bank and that in this suit it must be treated as so applied. We conclude that when that dividend was paid to the bank, it is to be treated as to Whildin as being a payment upon the note immediately upon its receipt. The bank under these circumstances could not defeat this application by it being determined, as it was by its officers thereafter, that they would first pay therefrom two other debts. If plaintiff thought that it was entitled to some marshaling of securities in equity, under the principles laid down in *State Bank of Rock Island v. Bryan*, 186 Ill. App. 207, and 268 Ill. 151, it should have applied to equity for that relief. On the cross-examination of Whildin it was stated that he holds a note signed by the mother of James to secure him

for his liability on this note. No pleading or motion or instruction raised any question of law in this case based on that fact. It was not shown .that that security is of any value. If plaintiff concluded that it had some equitable right growing out of the existence of that collateral note, which could not be enforced in this action at law, it should have applied to equity for that relief.

Plaintiff claims that the court should not have permitted the special plea to be filed or that defendant should be held to have waived the notice filed with the general issue. It is laid down in the authorities that a defendant is not entitled to notice of special matter of defense and also to a special plea. But in order to raise this question, there must either be an application to the court to require the defendant to elect under which he will proceed or a motion by plaintiff to strike either the one or the other from the files. *Benjamin v. McConnell,* 9 Ill. (4 Gilm.) 536; *Gilmore v. Nowland,* 26 Ill. 201; *Harris v. Pearce,* 5 Ill. App. 622. In *Wyatt v. Dufrene,* 106 Ill. App. 214, plaintiff had filed the general issue and notice of special matter and numerous special pleas. We held that by filing special pleas defendant abandoned the notice. The opinion does not show whether plaintiff raised the question by motion to compel an election or to strike the notice from the files. If the language there used can be held .to mean that the defendant waived his notice by filing special pleas without the question being first raised in the trial court, it should be modified. In the only case where that case has since been cited on that point, it was held that giving evidence in support of the plea was a waiver of the notice. In the present case, if the plea of payment meant payment *by* defendant, as insisted by plaintiff, then there was no evidence introduced under that plea, and it performed no office in the case. If it meant payment *for* defendant, then the notice and the plea refer to the

same transaction and it is immaterial which is allowed to stand. Again, this point is not assigned for error and is therefore waived. It is assigned that the court erred in permitting the special plea to be filed, but the special reasons why it is claimed that this was error are set out in the assignment, and the existence of the notice with the general issue is not one of those reasons, and there is no general assignment that the court erred in permitting the plea to be filed. We conclude it should not have been filed, but the plaintiff was not harmed thereby. The judgment is therefore affirmed.

*Affirmed.*