(No. 13223.—Reversed and remanded.)

THE ALEXANDER LUMBER COMPANY, Defendant in Error,
*vs.* THE ÆTNA ACCIDENT AND LIABILITY COMPANY,
Plaintiff in Error.

*Opinion filed February 15, 1921.*

1. BONDS—*the obligation of a surety is to be strictly construed.*
The obligation of a surety is to be strictly construed, and where
a bond of a building contractor contains a provision for the protec-
tion of material-men furnishing material for the particular build-
ing, the right of a lumber company, which has furnished material
for the building, to sue upon the bond is limited to the language
of the provision for material-men.

2. SAME—*when beneficiary must be deemed to have accepted
bond.* Where the bond of a building contractor contains a pro-
vision for the benefit of material-men which is limited to a par-
ticular building, a lumber company which seeks to recover upon
the bond for material furnished must be held to have accepted the
bond, and a privity of contract exists between it and the surety
company which precludes extending the liability of the surety be-
yond the terms of the bond.

3. SAME—*when surety on bond of building contractor has spe-
cial equity in funds arising from payments on contract.* Where the
bond of a building contractor contains a provision for the benefit
of material-men which is limited to the particular building, the
surety company furnishing the bond has a special equity in the
funds arising from the payments made under the construction con-
tract and is entitled to have such payments credited to debts aris-
ing from the construction of the building.

4. SAME—*when general rule as to application of payments by
creditor does not apply.* The general rule that a creditor may ap-
ply payments to any account of the debtor when not otherwise
directed will not be applied to enable a lumber company to recover
on the bond of a building contractor after it has received payments
from the contractor equal to its claim for material furnished for
the building but which the lumber company has applied to ante-
cedent debts of the contractor, where the provision in the bond for
the benefit of material-men is expressly limited to material fur-
nished for the particular building and the evidence shows that said
payments came from the building fund.

5. SAME—*when release of lien by material-man to that extent
discharges surety on bond of building contractor.* Where the bond
of a building contractor covers obligations for material furnished

for the building, a material-man who at the request of the con-
tractor refrains from filing his lien on the building fund for a
certain amount of his claim to that extent releases the surety on
the bond, as there is a violation of duty arising out of the rela-
tion of surety and assured.

6. EQUITY—*when surety company may enjoin suit on bond.* A
surety company sued in an action at law on the bond of a building
contractor may maintain a bill to enjoin the prosecution of the
suit and for equitable relief where it has equitable rights and de-
fenses not available in the suit at law.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on appeal from the Circuit
Court of Champaign county; the Hon. FRANKLIN H.
BOGGS, Judge, presiding.

GREEN & PALMER, and LOUIS L. DENT, (HENRY I.
GREEN, and ORIS BARTH, of counsel,) for plaintiff in error.

DOBBINS & DOBBINS, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error, the Alexander Lumber Company, a
corporation, brought suit upon the bond of the plaintiff in
error given by it to the board of trustees of the University
of Illinois to secure the faithful performance of the contract
of Freeman & Brooks, contractors, for the erection of a
building at the University of Illinois to be known as the
chemistry building. The amount claimed by the Alexander
Lumber Company to be due and unpaid for materials fur-
nished under the contract is $15,790.13. Plaintiff in error
filed numerous pleas to the suit, which were demurred to
and the demurrers sustained. Thereupon plaintiff in error
filed its bill to enjoin the prosecution of the suit, alleg-
ing, among others, the matters set up in its various pleas
demurred to. The bond upon which suit was brought pro-
vided for the faithful performance of the contract by Free-
man & Brooks, and contained, among other provisions, the

following: "It being hereby understood and agreed by the parties hereto that this bond and agreement is entered into not only for the protection of the said board of trustees of the University of Illinois, but also for the protection of the said sub-contractor, material-man, mechanic, workman, laborer or other person so furnishing material or labor, who shall have the right to enforce the obligation of this agreement and bond against the said principal and surety in the same manner and to as full an extent as though they were parties to this bond and agreement, it being understood and agreed, however, that this protection shall not extend to any party or parties to whom the said principal is not directly indebted by reason of the furnishing of labor or material in or about the erection or construction of said building, then this obligation to be void, otherwise to remain in full force and effect."

Six different grounds for equitable relief are averred in the bill, but under the view we take concerning the case it will not be necessary to consider them all.

The first contention of plaintiff in error is, that by reason of the relation of the parties existing under this particular bond plaintiff in error had a special equity in the funds paid under the construction contract, and that payments to the defendant in error derived from said contract should in equity be credited to the account for materials furnished and used in the building, and that if that be done, the Alexander Lumber Company, having received from said funds more than the amount of its bill for materials furnished for said building, is fully paid and the bond discharged as to it. To this contention the defendant in error replied that it was under no obligation to apply payments made to the account for which plaintiff in error was surety, and that as the contractors were indebted to it for other large sums of money on other contracts, and that since the defendant in error did not know the source of the funds paid to it by the contractors and received no directions for the applica-

tion of payments, the payments so made were applied to antecedent indebtedness. Defendant in error admits that it made no application of payments to the account for materials furnished for the chemistry building. It admits that it received, during the time of the construction of the said building, the sum of $26,000 from the contractors, but avers that it had no knowledge of the source of such funds. It filed its cross-bill setting forth practically the same facts and circumstances contained in an answer to the original bill filed herein, and prayed that the sum found to be due it be paid to the trustees of the University of Illinois for the use of the defendant in error. The chancellor entered a decree awarding the relief prayed in the cross-bill and dismissed the original bill of the plaintiff in error for want of equity, and in the decree awarded the lumber company the sum of $17,560.35 and interest thereon from the 18th day of April, 1916. An appeal was taken from this decree to the Appellate Court, where the decree was affirmed.

Plaintiff in error contends that by reason of the particular contract entered into, it had a special equity in the fund derived from the contract of Freeman & Brooks with the State of Illinois, and that defendant in error having been a beneficiary under the contract there was such privity existing between plaintiff in error and the defendant in error as to give plaintiff in error the right to have the payments of money derived from the construction contract in question applied to the account for materials furnished by defendant in error for such building, and that this, therefore, is not a general surety contract in which the general rules of suretyship and application of payments apply. It is admitted that the general rule as to the application of payments is that the debtor may specify the account to which he desires application made, and if he does not do so the application which is made by the creditor is binding not only upon the debtor but upon his surety, but plaintiff in error contends that the general rule does not apply.

An examination of the bond in this case discloses that it was conditioned upon the faithful performance by Freeman & Brooks of a certain contract and the payment of material-men furnishing material on that contract. The bond, as we have seen, provided that it was made not only for the protection of the board of trustees of the University of Illinois but also for the protection of material-men or other persons furnishing material or labor, who were given the right to enforce the obligation of the bond against the principal and surety in the same manner and to as full an extent as though they were parties to the bond. There follows in the bond after this provision, language which must be taken as a limitation upon the contract of suretyship: "It being understood and agreed, however, that this protection shall not extend to any party or parties to whom the said principal is not directly indebted by reason of the furnishing of labor or material in or about the erection or construction of said building." This bond is two-fold in its effect. It is first a general bond as to the trustees of the University of Illinois, saving them harmless from claims of any character arising from the construction of the chemistry building, but it is a special bond as to the material-men. They are given protection under it as to payment for materials furnished on this contract, only. It was plainly the intention of the parties that this bond was not to cover the open account of Freeman & Brooks generally, but to apply only to materials furnished to the building in question. The provisions of the bond just referred to form the only basis of the defendant in error's right to sue. Without these provisions it could not sue upon the bond. (*City of Sterling* v. *Wolf,* 163 Ill. 467.) Its right to sue is therefore limited to the language of said provisions. The obligation of a surety is to be strictly construed. (*Searles* v. *City of Flora,* 225 Ill. 167.) The lumber company was not required to accept this bond if it did not desire to do so, but having accepted it, it is bound by

its terms and conditions.  By bringing suit upon this bond it must be held to have accepted it.  Having been made a beneficiary under the bond, with right to sue thereon, there is privity of contract existing between it and plaintiff in error.  This bond was given to secure the doing of certain things, to-wit, the fulfillment of the contract by the firm of Freeman & Brooks.  In this regard the bond in question became a part of the contract for the erection of the building and affected by it.

Defendant in error contends that there is no reason for applying a different rule regarding application of payments in this case from that applied under a general suretyship contract.  There appear to have been no cases presented in this State where this situation arose.  That a surety may have an interest in his principal's account amounting to a special equity has been recognized, and while the cases are not in entire accord, we are of the opinion that under the circumstances of this case plaintiff in error had a special equity in the funds arising from this construction contract so far as the account with defendant in error is concerned.

It is admitted by defendant in error that the contractors have paid it $26,000 during the construction of the building, none of which has been applied upon this account for materials, but it seeks now to have plaintiff in error pay it for said materials.  Plaintiff in error having a special equity in the chemistry building fund by which it had a right to have payments by the contractors arising from that fund applied to the chemistry building account for materials, the effect of defendant in error's suit against plaintiff in error is to seek to collect a different debt from the one forming the basis of the contract of assurance in question here, and one for which, under the provisions of this bond, plaintiff in error is not in equity liable.  The practical result of defendant in error's contention is that because plaintiff in error has contracted to assure to it the faithful performance of the contract of Freeman & Brooks to build

the chemistry building and pay for the materials furnished
therefor, it must pay the debts of Freeman & Brooks to
defendant in error which have no relation to the contract
in question. A court of equity will not apply the general
rule regarding application of payments, when, from all the
surrounding circumstances, to do so would work an injus-
tice. (*Compound Lumber Co.* v. *Murphy,* 169 Ill. 343.)
To hold that there was no duty on defendant in error, un-
der the facts in this case, to ascertain what payments were
made to it from funds derived from this contract and ap-
ply the same accordingly, would be to place in its hands
the power to collect its poor accounts with the contractor
from funds paid on this contract and then compel the surety
to pay for the material used in the construction of the build-
ing under the contract. Such a rule and such a contention
is so inequitable and unfair as to shock the conscience of
all fair-minded persons. The fair construction of this pro-
vision of the bond is that the surety thereon has a right
to have payments to the material-man from funds derived
from the building covered by the surety contract applied to
the account for materials furnished for said building.

*Crane Bros. Manf. Co.* v. *Keck,* 35 Neb. 683, while
recognizing the general rule that where the debtor fails to
designate the debts on which his payments are to be ap-
plied the creditor may do so, yet holds that there is an ex-
ception to this rule where the money was received by the
debtor from a third party whose property would be liable
for the debt in case the money was not applied upon the
third party's liability. The doctrine that a surety in a case
such as the one at bar has a special equity in the funds
arising from payments made under that contract is based
upon sound principles of equity and fair dealing and is sup-
ported by numerous authorities. *Crane Co.* v. *Pacific Heat
and Power Co.* 36 Wash. 95; 32 Cyc. 171; *Columbia Dig-
ger Co.* v. *Sparks,* 227 Fed. 780; *United States* v. *Ameri-
can Bonding and Trust Co.* 89 id. 925; *Bross* v. *McNich-*

*olas,* 66 Ore. 42; *First Nat. Bank* v. *City Trust Co.* 114 Fed. 529.

Defendant in error cites numerous cases as supporting its contention that in the absence of direction by the debtor the application of payments made by the creditor is binding on the plaintiff in error. In *People* v. *Powers,* 108 Mich. 339, a bond was issued to secure the payment by a paving contractor and sub-contractor of all labor performed and materials furnished upon a contract for the paving of a street. A material-man received payments from the contractor and applied them on the payment of an antecedent indebtedness. The court in that case distinguished it from cases here cited and others which hold that the payment of the antecedent indebtedness was inequitable, on the ground that in those cases "there was privity of contract between the sureties and the obligee and the bond upon its face undertook that the contract should be performed. By accepting it the obligee was in duty bound not to vary the contract in such a way as to increase the liability of the sureties." In *Banker's Surety Co.* v. *Maxwell,* 222 Fed. 797, cited by defendant in error, it was held that where one has funds in his hands belonging to a party who is indebted to him on secured and unsecured indebtedness, such creditor may apply the funds to the payment of his unsecured claim in the absence of direction from the debtor as to how application should be made. There appears in that case to have been no discussion of the equitable rights of the surety in the application of payments. The distinction to be drawn between the general rule in those cases relating to the application of payments and the rule governing the case at bar was pointed out in *People* v. *Powers, supra.* In other cases cited by counsel for defendant in error either there appears to be no discussion of the subject of equitable rights of the surety, or they are cases in which there is no privity of contract existing between the surety and the obligee. That such privity exists here cannot be doubted.

Plaintiff in error by its bond undertook to assure the faithful performance of the contract by Freeman & Brooks, one provision of which was that the contractors should furnish and pay for all materials going into the chemistry building. The master found that payments made by Freeman & Brooks to defendant in error from funds arising from the chemistry building were sufficient in amount to discharge the debt due it for materials furnished for said building had such payments been so applied. Defendant in error filed numerous objections to the report of the master, in none of which, however, it objected to this finding of fact. It did object to the master's report because it did not find that defendant in error did not know the source of the funds paid to it by Freeman & Brooks. Defendant in error's objections to the master's report were allowed to stand as exceptions. The circuit court in dismissing the bill made no findings of fact in the decree entered but sustained the exceptions to the master's report and dismissed the bill for want of equity, evidently on the ground that plaintiff in error did not have a special equity in the application of the funds arising from the chemistry building contract. This, it will be seen from what has been here said, was error. Without reviewing in detail here the mass of evidence and accounts in the record, we are of the opinion that the weight of the evidence supports the master's finding regarding the source of the funds paid to defendant in error by Freeman & Brooks. The tracing of certain moneys and payments in the evidence, together with the testimony of Thomas Evans, a public accountant, and others, produces the unavoidable conclusion that payments to the amount of defendant in error's claim for materials furnished for the chemistry building were, in fact, made from funds arising from that building.

The evidence also tends to establish the fact that defendant in error consented to the payment of $10,000 out of the chemistry building fund to the Citizen's State Bank on

its unsecured claim; that defendant in error went to Springfield for the purpose of filing a lien against the chemistry building fund remaining in the State treasury, amounting approximately to $15,000, and on request of the bank and Brooks refrained from filing its lien until the order of Freeman & Brooks on said fund had been paid to the bank but filed its lien against the remaining $5000, which lien is still pending. By so doing defendant in error voluntarily released the security which it held and but for such agreement would have perfected for the sum of $10,000 of its claim. This was a violation of duty toward plaintiff in error arising out of their relation of surety and assured. It is an equitable rule that where a creditor releases or permits to be lost a security for a debt, other sureties are thereby released to that extent. (*State Bank* v. *Bryan,* 268 Ill. 151; *Holmes* v. *Williams,* 177 id. 386; *Phares* v. *Barbour,* 49 id. 370.) Aside from this, however, we are of the opinion that defendant in error has been paid out of the chemistry building fund a sum equal to the amount of its claim here involved, which the plaintiff in error in equity had a right to have applied to the account for materials furnished for said building, and that as between the lumber company and plaintiff in error the latter is released from its obligation as surety.

But it is urged that this rule regarding application of payments should not be held to apply except where the obligee under such a bond knows the source of the funds from which payments are made by the contractor, and that defendant in error had no such knowledge. Information concerning the source of these payments was easily obtainable by the defendant in error had it seen fit to make inquiry. Moreover, we are convinced that the record in this case shows that defendant in error knew that at least a portion of the money paid it by the contractors was derived from the contract in question. The record shows that this bond was secured at the earnest request and solicita-

tion of the defendant in error. It knew what the contract price was and what the conditions of the bond were. It knew that it was furnishing materials to go into said building and that the construction of the building was under progress, and it frequently inquired of the contractors and received information from them as to when the contractors would receive estimates on that building contract, at the same time asking for money. It is inconceivable that it did not know that at least a portion of the payments made to it came from that building.

Defendant in error contends that plaintiff in error is not entitled to the relief sought, for the reason that it has an adequate remedy at law. Equitable interests and defenses cannot be pleaded at law and plaintiff in error's bill presents grounds for equitable relief. The relief prayed in the bill and contended for here was an injunction restraining defendant in error from pressing its suit on the bond. This relief was denied by the chancellor, who granted the prayer of the cross-bill of defendant in error and entered a money decree in its favor for the full amount of its claim. This was error.

Numerous other points and arguments appear in the briefs, but under the view we take of the rights of plaintiff in error it becomes unnecessary to discuss the other points involved.

For the reasons herein given, the judgment of the Appellate Court affirming the decree of the circuit court is erroneous. That judgment and the decree of the circuit court are therefore reversed and the cause remanded to the circuit court, with directions to enter a decree granting the injunction prayed in plaintiff in error's bill.

*Reversed and remanded, with directions.*