## Siemer Milling Company, Appellee, v. C. J. Moritz, Inc., and Murphy Contracting Company, Appellants.

1. MECHANICS' LIENS—*horse feed and engine fuel as "material" for which lien had against public contractor.* Feed for work animals and coal for engines are material furnished to a contractor with the State for highway work for which a lien may be had under Mechanics' Liens Law, sec. 23, paragraph 2, Cahill's Ill. St. ch. 82, ¶ 23, providing that a materialman furnishing material to a public contractor may have a lien against money, bonds or warrants due or to become due on such contract, as under section 23 the right to lien is not limited to material which enters into or becomes a part of improvement.

2. MECHANICS' LIENS—*funds chargeable with lien for materials furnished public contractor.* In a mechanic's lien suit against a contractor for highway work with the State and a certain county, the decree properly directs the county treasurer to pay the amount of the claim out of funds in his hands, where it appears in the record that such officials, under agreement between the State and the county, is holding funds sufficient to pay the claim pending a final settlement of the case.

Appeal by defendants from the Circuit Court of Effingham county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed January 26, 1923.

JACOB ZIMMERMAN, for appellants.

HARRY J. RICKELMAN and BYRON PIPER, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

Appellee filed a bill in the circuit court of Madison county setting forth that they are a partnership doing business at Teutopolis, Illinois, as the Siemer Milling Company; that from September 3, 1919, to October 18, 1919, they furnished the Murphy Contracting Company, at its request, feed for its horses and mules and coal for its engines, for which this company still owes them a balance of $313.10. The bill further alleges that C. J. Moritz, Inc., during that time had a contract with the State of Illinois and also with the County of Effingham for the building of a hard surface road known as Section G 15 d, running eastwardly from Effingham through Teutopolis, and that the C. J. Moritz, Inc., sublet a part of the work under this contract to the Murphy Contracting Company. Sworn statements of such claim were filed with the county treasurer and the county clerk of Effingham county and with the state treasurer of Illinois for a lien on the money, bonds and warrants due, or to become due, to either the Murphy Contracting Company or the C. J. Moritz, Inc.

A demurrer to this bill filed by the C. J. Moritz, Inc., was overruled by the court. There was no service upon and no appearance by the Murphy Contracting Company. Appellant filed an answer denying that it had a contract with the State of Illinois for the building of the hard road known as Section G 15 d but averred that it had a contract with the County of Ef-

fingham for the same. The answer further avers that it sublet to the Murphy Contracting Company work upon this section and also upon Section J, a strip of road lying west and adjoining Section G 15 d, and being a portion of the road it had contracted for with the State of Illinois. The answer further avers that the greater part of the work for which the feed and coal were furnished was for the construction of Section J, which was not mentioned in the bill and cannot be charged with this lien. To this answer a replication was filed and the cause was referred to a special master to take the evidence. The evidence was taken and reported and on the hearing a finding was made in favor of appellee and a decree was entered against appellant for $300 and costs. To reverse said decree this appeal is prosecuted.

It is first contended by appellant that the claim of appellee for coal and feed furnished the Murphy Contracting Company is not such a claim as the law gives a lien for on funds due or to become due a contractor on public improvements such as the one in question.

In construing the provisions of the Mechanics' Liens Law, where a lien for materials is sought on real estate, our Supreme Court has held that the material must have entered into or become a part of the improvement or must have been furnished for that purpose. *Hunter v. Blanchard*, 18 Ill. 318; *Compound Lumber Co. v. Murphy,* 169 Ill. 343; *Haas Elec. & Mfg. Co. v. Springfield Amusement Co.,* 236 Ill. 452; *Rittenhouse & Embree Co. v. Brown & Co.,* 254 Ill. 549; *Builder's Material Co. v. Johnson,* 158 Ill. App. 411. In the latter case, this court held that while the use of materials in the construction of a building is not necessary to be proved in the first instance, yet no lien can be allowed when the proof demonstrates that such materials were not so used. The lien asked for in that case was for materials furnished for the making of wooden forms or molds into which concrete was

poured and was allowed to remain until sufficiently hardened, after which the lumber was removed from the concrete and ultimately from the premises.

Counsel for appellee practically conceded the law to be as above stated, but contends that where a lien is sought on funds, bonds or warrants growing out of a public improvement such as the one in question, a different rule prevails and that the construction placed upon paragraph 2 of section 23 of the Mechanics' Liens Law of 1919, by the Supreme Court in *Alexander Lumber Co. v. Farmer City,* 272 Ill. 275, is broad enough to include the claim here sought to be recovered.

The paragraph of the Mechanics' Liens Law referred to provides as follows:

"Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor for a contract for public improvement for the State may have a lien on the money, bonds or warrants due or about to become due to such contractor under the contract, by filing with the official whose duty it is to pay such contractor a sworn statement of the claim, showing with particularity the several items and the amount claimed to be due on each." [Cahill's Ill. St. ch. 82, ¶ 23.]

It is apparent that the only way that appellee can be entitled to a lien on the funds in question is on the theory that the feed and coal in question should, under said statute, be construed to be materials furnished said contractor on said public improvement.

In *Alexander Lumber Co. v. Farmer City, supra,* a sewer system was being constructed for Farmer City. A lien was allowed in one case on account of pipe furnished for use in carrying water to boxes where concrete was being mixed for the improvement; in another for lumber which went into a trench as shoring for protecting the men at work and while left in the trench was not a part of the work. Another claim for which a lien was allowed was work in repairing machinery and tools and also for oil for engines fur-

nished by a third person.  It was contended by counsel for the city that no lien against moneys in the hands of the city due the contractor who was putting in the improvement could be allowed in favor of a subcontractor or parties furnishing the contractor material under section 23, unless the material furnished entered into or became a part of the improvement.  The Supreme Court held, however, that the trial court was justified in allowing the claims above mentioned to be paid out of the special assessment levied and collected to pay for the improvement.  The Supreme Court there held that a different rule applies where a lien is claimed under section 23, on money, bonds or warrants due or to become due the contractor for materials, apparatus, fixtures, machinery or labor furnished the contractor by the claimant for a public improvement, than applies in a case where a lien is claimed against real estate.

The court in discussing this question, at page 275, says:

"The construction of section 23 is not governed by the construction given the provisions of the act relating to the enforcement of liens afforded against the owner's real estate.  These provisions of the act give no lien against money in the owner's hands due the contractor, but the lien is against the real estate and improvement."  After quoting section 23, the court, on page 276, further says:  "This section does not provide for a lien against the improvement or the property improved, but only gives the subcontractor or claimant a lien on the money, bonds or warrants due or to become due the contractor for material, apparatus, fixtures, machinery or labor furnished the contractor by the claimant, for a public improvement.  The property of the owner cannot be disturbed in the enforcement of this lien, and in our opinion the court was justified in allowing the claims of appellants to be paid out of the special assessment levied and collected to pay for the improvement."

In *United States v. United States Fidelity & Guar-*

*anty Co.,* 83 Vt. 278, 75 Atl. 280, it was held:

"Coal used by a building contractor to heat buildings, covered by specifications requiring him to provide fuel for heating while the work is going on, is 'material,' within the implied terms of the contract, which he is bound to furnish, and hence within the scope of his bond, required by the federal statute, * * * for the protection of persons supplying materials."

And in *Kansas City v. Youmans,* 213 Mo. 151, 112 S. W. 225-232, it was held:

"Blasting powder, dynamite, fuse and caps, necessarily used by contractors in building a sewer, are 'materials,' within the meaning of a guaranty that the contractors would pay for material used in the work."

We are of the opinion, and so hold, that the construction given section 23 of the Mechanics' Liens Law by the Supreme Court in *Alexander Lumber Co. v. Farmer City, supra,* in view of the other authorities cited, is broad enough to include the articles for which a lien is here claimed, the necessary notices to the county and State having been given as shown by the record.

It is further contended by appellant that if appellee is entitled to a lien at all, a part of it should be against funds in the hands of the State and a part against funds in the hands of the county treasurer. The record discloses, by implied if not express agreement between the county and State authorities, $400 is being held by the county treasurer pending a final disposition of the case. We therefore see no reason to disturb the decree of the court directing the county treasurer to pay the amount of said claim out of the funds so held.

Other errors were assigned but were not argued by appellant's counsel, and will therefore be considered as waived. Finding no reversible error in the record the decree of the trial court will be affirmed.

*Decree affirmed.*