M. D. Colp et al., Appellants, v. First Baptist Church of Murphysboro et al., Appellees.

Heard in this court at the May term, 1929. Opinion filed October 31, 1929.

FLETCHER LEWIS, HERBERT A. HAYS and L. A. COLP, for appellants.

Fred G. Bierer, Isaac K. Levy, David B. Levy and Lawrence A. Glenn, for certain appellees.

Mr. Justice Wolfe delivered the opinion of the court.

In March, 1925, the church building of the First Baptist Church of Murphysboro, Illinois, was partially destroyed by a tornado and fire. On or about May 11, 1926, the church through its trustees made a written contract with William Jolly to reconstruct a church building upon the old site. The contract was completed on or about June 15, 1927. A dispute arose between the contractor and the church as to the balance due the contractor and suit was filed by Jolly against the church for the amount he claimed was due. On September 30, 1927, the appellants filed their bill herein for a mechanic's lien, in which it was alleged that there was a balance of $5,950.68 due to the appellants from the contractor William Jolly and from the church.

The bill alleges that the building material as set out in complainants' Exhibit "A" and made a part of the bill was delivered to Jolly for the purpose of being used and *was used in the erection and construction of said building.* All of the defendants in the bill, except the contractor Jolly, filed joint and several answers in which practically all of the allegations of the bill were denied. The answers alleged that a great amount of the building material for which a lien was claimed was not used in the erection of the building.

The complainants offered proof tending to show that all of the lumber and material as set forth in their Exhibit "A," were actually delivered on the premises for the purpose of being used in the construction and erection of the new church building. The defendants had Fred Armm and R. A. Gardner, each experienced contractors and builders, to testify that they had made measurements of the building; that they could from

such measurements estimate the amount of material that had been used in the construction of the building; that there was not as much two-inch lumber, one-inch lumber, face brick, maple flooring, or pine flooring in the completed building as complainants claimed they had delivered for the erection of the building. The evidence was taken before a master in chancery who found in favor of the defendants, and deducted from the amount of the claim $1,691.53 on the face brick, $897.34 on the maple flooring, $188 on the pine flooring, but rejected the claim of the defendants on the two-inch lumber and one-inch lumber used in the construction of the building, as that was covered by other building material and could not be accurately estimated.

Objections to the master's report as filed were overruled. The same were ordered to stand as exceptions, and the chancellor fully sustained the master's findings and an appeal to this court was prayed by the appellants.

The contentions upon which the appellants rely for reversal are: (1) That they proved delivery of the materials to the contractor at the place where said building or improvement was being constructed for the purpose of being used or employed in the process of or in the construction of the building, and that any proof that some of it was not actually used in the building is incompetent because it constitutes no defense to a lien for the materials so delivered; (2) That defendants' proof fails to establish by the necessary quantum of evidence, that all of the materials charged were not used in the construction of the buildings and (3) That the evidence conclusively established a right to the lien for the full amount claimed.

It is first contended by the appellants that the court erred in considering the testimony of the defendants' witnesses to show that the building material delivered

upon the premises for the purpose of being used in the construction of the church building was not all used for the reasons that the statute provides it was only necessary for the complainants to show that the material was delivered to the owners of the building, or his agent for such building, to be used in such building or at such place where said building was being constructed for the purpose of being used in the construction of the building.

Section 7 of our Mechanic's Lien Law, Cahill's St. ch. 82, ¶ 7, provides that a lien for materials shall not be defeated because of lack of proof that the material after the delivery thereof, actually entered into the construction of the building, although it be shown that such material was not actually used in such building; providing it is shown that such material was delivered to said owner or his agent for such building, to be used in such building, or at the place where said building was being constructed, for the purpose of being used in the construction of the building.

Counsel for appellants have not cited a case in which our Supreme Court has held that a material man who shows he has furnished material for the erection of a building on premises on which he claims a lien under such act, that on the trial of the case the owner of the property on which the lien is sought, could not show that some of the material claimed to be delivered to be used in the construction of the building, was not actually used, when that question is properly raised by the pleadings in the case.

The appellants cite the case of *Keeley Brewing Co. v. Neubauer Decorating Co.*, 194 Ill. 580–594, as sustaining their contention. It will be observed in reading this case that no defense was made by the pleadings that the material was not used in the building, and we do not deem this case as being decisive upon the question involved in the case at bar. In *Haas Electric & Mfg. Co. v. Springfield Amusement Park,*

236 Ill. 452, 461, the same question was before the Supreme Court, and from the language used in that case on page 461 we are led to believe that the court did not intend to hold in *Keeley Brewing Co. v. Neubauer Decorating Co., supra,* as appellants contend is the law in this case—(*Rittenhouse & Embree Co. v. Brown & Co.,* 254 Ill. 549.)

The Appellate Court of the First District in the case of *Builders Material Co. v. Johnson,* 158 Ill. App. 411, held that the delivery of the material as provided for in section 7, means that by proving such delivery the contractor has made out a prima facie case. If there is no proof that the material was not used in the erection of the building, the complainant can recover, but the burden of proof would be upon the owner of the building to show that the material was not used in the construction of the building. This case was cited and approved by the Appellate Court of the Fourth District in the case of *Siemer Milling Co. v. Moritz,* 227 Ill. App. 459. We think the evidence of contractors in regard to their measurements and estimates were properly admitted as it stands to reason that the contractor had to be able to estimate the amount of face brick and other materials which would be required before he could take the contract to build the church. If so, then he certainly could estimate the amount of such material which had been actually used in the erection of the building. We think the evidence was properly admitted and it was for the chancellor to weigh the evidence and decide the equities of the case.

The complainants in their bill allege that the various building materials as set forth in Exhibit "A" had been delivered to the contractor at the site of the building; and also allege that such material *was used in the erection and construction of said building.* The defendants by the answer deny these allegations. Therefore, it is a question of fact to be decided by the chancellor whether this material had been used in the

erection of the building as set forth in the complainants' bill.

It has been repeatedly held that the allegations of a bill and the proof must correspond. Complainants to recover at all must do so on the case made by the bill, and they will not be permitted to state one case in their bill and make a different one in the proof. They must stand or fall by the case they make in their bill. *Rowan v. Bowles,* 21 Ill. 17; *Stearns v. Glos,* 235 Ill. 290; *Gage v. Curtis,* 122 Ill. 520; *Houlihan v. Morrissey,* 270 Ill. 66.

The complainants having alleged that all of the material as furnished had gone into the erection of the building, the burden of proof is upon them to establish that fact. The master by his findings, which have been affirmed by the chancellor, has found that all of the material as claimed by appellants was not used in the erection of the building. We are of the opinion that the evidence sustains the findings of the master and the decree of the chancellor and the judgment of the circuit court of Jackson county is hereby affirmed.

*Affirmed.*