Decatur Lumber and Manufacturing Company, Appellee, v. George L. Clark et al., Appellants.

Gen. No. 8,638.

Opinion filed January 16, 1933. Rehearing denied April 5, 1933.

WHITLEY & FITZGERALD and CARL N. WEILEPP, for appellants.

HENRY H. MOREY, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Macon county, decreeing that the appellee, the De-

catur Lumber and Manufacturing Company, is entitled to a foreclosure of a mechanic's lien against lot 81 of Kenwood, an addition to the City of Decatur, and finding that a sum of $800 paid by Cass F. Barger, the contractor building a house on said premises, and a payment of $2,200 under an assignment given to said contractor by the purchasers and assigned by him to the appellee, should not be credited upon the lumber bill furnished by appellee for the property in question.

The appellee was a dealer in lumber and building materials in Decatur for a number of years prior to 1929. Some time during the month of July, 1929, Cass F. Barger, who had been a building contractor in Decatur for several years, and who had done and was doing much business with the appellee on the purchase of material for various properties, made an agreement with the appellants Wilma Clark and George L. Clark, to purchase lot 81 of Kenwood, an addition to the City of Decatur, and erect a residence thereon for them in accordance with certain plans agreed upon between them. Barger obtained an estimate from the lumber company, appellee, and ordered the lumber and millwork for the residence and started the erection of such residence about August 5, 1929. He thereafter made an application for a loan of $3,500 on the property to the appellant Peoples Savings and Loan Association, and on September 17, 1929, when the building was partially completed, consummated his loan. The Peoples Savings and Loan Association, by its loan agent, obtained an affidavit from Barger that all of the bills for material and labor had been paid in full and that there were no liens or claims against the property.

On July 22, 1929, Barger had entered into a written contract with the Clarks for the erection and sale of this property for the sum of $5,200. In part payment the Clarks agreed to assign to Barger $1,000 of their

part of the estate of Mrs. Clark's father when the same was settled, or if their part amounted to $3,000 to pay $2,000, and if it exceeded $3,200 to pay $2,200 when the estate was settled. Barger thereafter, in the latter part of September or the first of October, took this instrument to Clifford Jones, manager and treasurer of the appellee, and at Jones' suggestion obtained another assignment from the Clarks, dated October 3, 1929, setting out in substance the manner of payment of the above sums and on October 7, 1929, assigned all his interest in this instrument to the Decatur Lumber and Manufacturing Company.

Cass F. Barger was an owner buying lots, improving them and selling them under contracts of purchase. He had so built not less than 14 houses in the City of Decatur in 1928 and 1929, and on August 1, 1929, his open account with appellee for materials furnished was between $5,000 and $6,000 and the company was pressing him for payment. Barger made the payments to appellee and by his direction the same were applied to his general account. At that time no charges had been made upon appellee's books for the material furnished for the Clark house.

There was considerable contention in the proofs as to whether Jones, the manager for appellee, knew the source of the funds and whether the Clarks expected the funds to be applied upon the material for the house built by Barger upon lot 81 of Kenwood addition.

Appellant contends, as the court held in *Alexander Lumber Co. v. Aetna Co.*, 296 Ill. 500, that appellee is estopped from pressing this claim for lien. The court say on page 506: "A court of equity will not apply the general rule regarding application of payments, when, from all the surrounding circumstances, to do so would work an injustice. (*Compound Lumber Co. v. Murphy*, 169 Ill. 343.) To hold that there was no duty on defendant in error, under the facts in this

case, to ascertain what payments were made to it from funds derived from this contract and apply the same accordingly, would be to place in its hands the power to collect its poor accounts with the contractor from funds paid on this contract and then compel the surety to pay for the material used in the construction of the building under the contract. Such a rule and such a contention is so inequitable and unfair as to shock the conscience of all fair-minded persons. . . .

"*Crane Bros. Manf. Co. v. Keck*, 35 Neb. 683, while recognizing the general rule that where the debtor fails to designate the debts on which his payments are to be applied the creditor may do so, yet holds that there is an exception to this rule where the money was received by the debtor from a third party whose property would be liable for the debt in case the money was not applied upon the third party's liability."

In this case a number of equities could be elaborated upon. Appellant Peoples Savings and Loan Association was negligent in making its loan. It was aware that a building was being constructed upon the premises and was not completed, yet it relied upon Barger's affidavit and turned over all the funds to Barger. In addition, to secure its possible loss from appellee's claim and preferred lien, the loan association thereafter took an assignment of building claims from Barger—contracts upon which Barger was working—to the amount in value of $4,118.61, according to the testimony of appellant's witnesses, none of which has appellant offered in any manner to pro rate with appellee. Appellant loan association, by thus protecting its mortgage, also protects the Clarks. No equity should be granted to appellant loan association in a case where it is not willing to do equity. Appellee's claim in this case by decree amounts to $1,062.42. We have read the testimony and examined the master's

report and from a full review of the case we are satisfied that equity and justice have been done by the decree.

The decree, therefore, of the circuit court of Macon county is affirmed.

*Affirmed.*