REMINGTON ET AL. *v.* EDWARDS.

[No. 11,348.   Filed April 4, 1923.]

1. APPEAL.—*Presenting Questions for Review.—Instructions.— Briefs.*—A party challenging the action of the court in giving instructions is not required to set out in his brief all the instructions given, or the substance thereof, it being sufficient to set out the instructions challenged. p. 502.

2. APPEAL.—*Record.—Instructions.—Exceptions.—Statutes.*—The word "given" appearing on the margin of requested instructions is not, standing alone, a sufficient compliance with §§560, 561 Burns 1914, §535 R. S. 1881, Acts 1903 p. 338. p. 502.

3. TRIAL.— *Instructions.— Invading Province of Jury.— Inferences to be Drawn from Facts.*—It is an invasion of the province of the jury to give an instruction as to what inferences should be drawn from established facts unless the specific conditions are of such a character that no other reasonable inferences could be drawn therefrom. p. 503.

4. INTEREST.—*Action for Labor and Materials.—Recovery of Interest.*—Although it is presumed, in the absence of an agreement to the contrary, that an account for material and labor becomes due when it has been furnished or performed, it was error, in an action on an account for labor and material, to instruct the jury unconditionally to include interest in the verdict, and especially from a fixed date, where there was evidence that plaintiff employe had agreed, as an inducement for his employment, that he would not exact payment upon the completion of the work, and that he granted extensions of time for payment without any definite date therefor being fixed. p. 504.

5. APPEAL.— *Erroneous Instructions.— Presumptions.— Burden of Appellee.*—It will be presumed on appeal that an erroneous instruction is prejudicial, and the burden is on the appellee to show the contrary by the record. p. 504.

From Boone Circuit Court; *Frank E. Hutchinson,* Judge.

Action by Fred V. Edwards against Minnie Remington and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Ira M. Sharp,* for appellants.

*Cassius M. Gentry, Ernest E. Cloe, Frank S. Campbell* and *John W. Hornaday,* for appellee.

BATMAN, J.—Appellee sued appellants on an account for labor and material, used principally in constructing a well, and recovered a judgment for the sum of $708.19 and costs, based on the following verdict: "We, the jury find for the plaintiff, that he recover of and from the defendants, the sum of $615.09, with interest thereon from the date of November 23, 1918, at 6 per cent." Appellants filed a motion for a new trial, which was overruled, and this appeal followed.

It is contended that the court erred in giving instructions Nos. 9, 10, 12, 13 and 16, on its own motion. Appellee asserts that the record fails to show that any exception was taken to the giving of said instructions, as such fact is not shown by a bill of exceptions, and there has not been a compliance with §§560 and 561 Burns 1914, §535 R. S. 1881, Acts 1903 p. 338, or either of them, in that regard. In making this contention appellee is in error, as the record shows an exception to each instruction given by the court on its own motion, which we assume were taken orally, in compliance with said §561 Burns 1914, *supra.* *Roach* v. *Cumberland Bank* (1916), 60 Ind. App. 547, 111 N. E. 320; *Miller, Exr.* v. *Kifer* (1921), 75 Ind. App. 198, 130 N. E. 278.

Appellee also asserts that no question is presented by appellants' brief, in regard to the action of the court in giving said instructions, as all of the instructions given are not set out therein. The

rules do not require that a party, complaining of the action of the court in giving instructions, must set out all of the instructions given, or the substance thereof. Under the more recent ruling in that regard, it is sufficient to set out the instructions challenged. *Simplex, etc., Appliance Co.* v. *Western, etc., Belting Co.* (1909), 173 Ind. 1, 88 N. E. 682; *Western, etc., Co.* v. *Couch* (1919), 70 Ind. App. 684, 123 N. E. 11. But, if the rule were otherwise, there would have been a compliance therewith, as all the instructions given by the court on its own motion, are set out in appellants' brief, which are all the record shows were given. This is true, since there is no bill of exceptions covering the instructions given and refused, and no such compliance with said §§560 and 561 Burns 1914, *supra*, or either of them, as indicates that any of the instructions requested by the parties were given. The word "given," appearing on the margin of some of them, standing alone, will not suffice for that purpose. *Brown* v. *Guyer* (1917), 64 Ind. App. 356, 115 N. E. 947; *Glasser* v. *Jones* (1918), 68 Ind. App. 192, 120 N. E. 44.

We will now proceed to determine whether the court erred in giving any one or more of said instructions.

3. Appellants contend that the court, in instruction No. 9, erroneously directed what inferences of fact should be drawn from other facts, if it was found that such other facts had been established. It is well settled that it is an invasion of the province of a jury to give an instruction as to what inferences should be drawn from established facts, unless the specific conditions and circumstances are of such a character that no other reasonable inferences could be drawn therefrom. *Pittsburgh, etc., R. Co.* v. *Arnott, Admx.* (1920), 189 Ind. 350, 126 N. E. 13, and cases cited. Under this rule the criticism of said instruction is not without merit, and especially as to appellant, Reming-

ton, who is not *conclusively* shown to have obligated herself in any manner for the payment of the labor and material covered by the account in suit.

We have carefully considered said instructions Nos. 10, 12 and 13, in connection with the objections urged against the same, and find no reversible error in the action of the court with respect to any one of them, in view of all the instructions given.

By instruction No. 16 the court informed the jury, that if it found in favor of appellee against both appellants it should include in its verdict interest on the amount found due on the account in suit from November 23, 1918. As there was no evidence of any agreement to pay interest, this instruction was not proper, unless the undisputed evidence shows that the account matured on that date, and there had been long and unreasonable delay thereafter in making payment. Where one furnishes material, or performs labor for another, the presumption is, in the absence of an agreement to the contrary, that an account therefor becomes due when the same has been so furnished or performed. *Salinger* v. *Rupel* (1922), 78 Ind. App. 197, 133 N. E. 514. In the instant case, there is evidence tending to show that at the time appellee was engaged to furnish the material and perform the labor in question it was agreed, as an inducement for his employment, that he would not exact payment upon the completion of the well, but would give time therefor; and that pursuant to said agreement, time for payment was impliedly requested, and tacitly granted in more than one instance, without any definite date for payment being fixed. It has been held, that what constitutes long and unreasonable delay in the payment of an account depends, necessarily, to some extent upon the circumstances of each case, and therefore, ordinarily, the question involved is one of fact for the jury. *Rogers* v. *West*

(1857), 9 Ind. 400; *Frazer, Exr.* v. *Boss* (1878), 66 Ind. 1; *Independent, etc., Stores* v. *Earles* (1914), 57 Ind. App. 241, 106 N. E. 730, 1087.  With evidence in the record, as stated above, the court clearly invaded the province of the jury, in directing that it should, unconditionally, include interest in its verdict, and especially from a fixed date, viz.: the date of the last charge on the bill of particulars filed with the complaint. Said instruction being erroneous, it will be presumed to be prejudicial to appellants, and the burden is on appellee to show the contrary by the record.  *Louisville, etc., Traction Co.* v. *Korbe* (1910), 175 Ind. 450, 93 N. E. 5, 94 N. E. 768.  This burden has not been discharged, and we assume could not be, in view of the evidence cited, and the facts shown by the verdict.  We are therefore compelled to hold, that the court committed reversible error in giving the instruction in question. For the reasons stated the judgment is reversed with instructions to sustain appellants' motion for a new trial, and for further proceedings consistent with this opinion.