HUTCHISON ET AL. *v.* ADOMATIS, D/B/A BUILDERS LOAN COMPANY.

[No. 18,493.   Filed March 29, 1955.   Rehearing denied May 9, 1955.   Transfer denied June 23, 1955.]

*Lawrence W. Ruch* and *Wesley T. Wilson,* of Indianapolis, for appellants.

*Compton, Parsons & Duvall,* and *Carl Lee Compton,* of Indianapolis, for appellee.

KELLEY, C. J.—Action on promissory note by appellee against appellants, and to foreclose mortgage securing the note. The issues were finally closed by appellants' amended answer of admission and denial, and plea of set-off, to which latter plea the appellee appropriately replied.

The cause was tried by the court which found for appellee on his complaint and that there was due him from appellants the sum of $2,075.58. Judgment was rendered against appellants in the amount of $3,145.58, which included the principal, interest, and attorney fees, and the mortgage was ordered foreclosed. From the

overruling of their motion for a new trial, appellants bring this appeal.

Appellants allege six independent assignments of error, the first and fourth of which are waived by failure to discuss them. The sixth assignment charges error in the overruling of the new trial motion. We will consider assignments two, three, five, and six in numerical order. The determination of assignments two and three require reference to certain pleadings and motions filed in the cause.

Appellants filed a cross-complaint against appellee and certain cross-defendants named therein, and also filed petition to make such cross-defendants additional parties to the action. Thereafter, appellee filed a motion which, among other things, sought to strike said cross-complaint from the records. Prior to the ruling of the court on this motion, appellants, on April 5, 1952, filed an amended cross-complaint and an amended petition to make additional parties cross-defendants. Thereafter, the court sustained appellee's said motion to strike said cross-complaint, and it is this action of the court which appellants assign as error by their independent assignment 2.

There was no available error of the court in making said ruling. The filing by appellants of said amended petition and amended cross-complaint took out of the record for all purposes said original petition and cross-complaint to which appellee's said motion was addressed, and waived any error which may have been committed in rulings thereon. *State ex rel. Gowen et al.* v. *Jackson et al.* (1895), 142 Ind. 259, 41 N. E. 534; *Williams et al.* v. *Williams, Admr. et al.* (1940), 217 Ind. 581, 588, 29 N. E. 2d 557; *Inter State Motor Freight System* v. *Henry et al.* (1942), 111 Ind. App. 179, 186, 38 N. E. 2d 909.

The court granted appellants' said amended petition to make additional parties as cross-defendants to said amended cross-complaint and summons were issued thereon for said cross-defendants. One of said cross-defendants, Moore's Plumbing & Heating Supplies, Inc., appeared and filed a motion to strike said amended cross-complaint from the files, which said motion was overruled by the court. Thereafter, said cross-defendant filed its petition seeking a reconsideration by the court of its previous ruling on said motion to strike said amended cross-complaint. The court, after hearing oral arguments, sustained the petition of said Moore's Plumbing & Heating Supplies, Inc., for reconsideration of the court's ruling on the motion of said cross-defendant to strike said amended cross-complaint.

The sustaining by the court of said petition to reconsider its previous ruling gives rise to appellants' assignment of error 3, which is in these words:

> "3. The trial court erred in sustaining the petition of Moore's Plumbing and Heating Supplies, Inc., for reconsideration of the court's ruling on said corporation's motion to strike appellants' amended cross-complaint from the files, in setting aside its order of April 5, 1952, making additional parties cross-defendant, and in overruling appellants' petition of April 5, 1952, to make additional parties cross-defendant."

It is at once perceived that said assignment charges three errors by the court, viz.: (1) Sustaining said cross-defendant's petition to reconsider the court's ruling on said previous motion to strike the amended cross-complaint; (2) setting aside its order of April 5, 1952, making additional parties cross-defendant; and (3) overruling appellants' petition of April 5, 1952, to make additional parties cross-defendant.

It is, of course, the established rule that each specification of the assignment of errors "shall be complete and separately numbered," Rule 2-6, and that each specification should be addressed to but a single error. Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, §2407, Comment 5, page 179. If one specification of error covers separate rulings, and one of the rulings is correct, error cannot be predicated on the other rulings. Flanagan, Wiltrout and Hamilton, *ibid.*

Looking to the first error claimed in the assignment, the only alleged erroneous action taken by the court was that it sustained the petition to reconsider its previous ruling. Appellants' argument is devoted only to said first claimed error on the assumption that the court did, in fact, strike said amended cross-complaint, for they say "the striking out of said amended cross-complaint deprived appellants of the defense of set-off." But the assignment does not predicate error upon the striking by the court of said amended cross-complaint. Whether the court did actually strike or order stricken said cross-complaint is not alleged. We are left to conjecture or to search the record to find out what action, if any, the court took relative to striking the cross-complaint. It appears appropos at this juncture to quote from the statement of Crumpacker, P. J., in *Duffy et al.* v. *Hayden et al.* (1943), 114 Ind. App. 125, 127, 50 N. E. 2d 666:

". . . each specification of error must be so specific and certain as to clearly indicate the particular ruling on which it is based . . .," and ". . . in considering the sufficiency of such assignment of error all ambiguities and uncertainties must be construed against the pleading. *The court cannot indulge presumptions and thereby supply what the appellants may have intended by their pleading."* (Emphasis supplied.)

Appellants discuss in their argument a ruling not mentioned in the assignment, and waive the assigned error by failing to discuss it in their argument. They have not shown that the asserted erroneous ruling of the court was not correct, and they make no mention or reference to the other two errors specified in the assignment. It follows that said assignment of error 3 fails.

In the course of the proceedings prior to the trial of the cause, appellants filed their verified application for a change of venue from the county which the court overruled. By their assignment of error 5, appellants allege that the court erred in denying their said motion for change of venue. They have not made such ruling a ground of error in their motion for a new trial. The action was tried subsequent to the filing of said application for change of venue and the court's said ruling thereon. Therefore, such ruling can only be reviewed by motion for a new trial on the ground of irregularity in the proceedings of the court. *Rhinehalt* v. *Rhinehalt* (1920), 73 Ind. App. 211, 213, point 1, 127 N. E. 10.

Appellants' sixth and final assignment of error is the overruling of their motion for a new trial. Said motion contains three specifications, which are: That the amount of recovery is too large; that the decision is not sustained by sufficient evidence; and that the decision is contrary to law.

With reference to the said first specification of their motion for a new trial, appellants list five points, in numerical order. Point 5 appears to be an arithmetical computation by appellants for the evident purpose of proving that they did not owe as much as claimed. However, the calculation is based upon inaccurate amounts, as shown by the record, and is fruitless.

The remaining four points consist only of general

statements, theories, and conclusions of appellants without specific and definite reasons specifically applied. We observe that the best understanding we are able to derive from our study of such general statements is that appellants assume that the action is based upon an account between the parties and that appellee did not correctly apply the payments made. If such be the assumption of appellants, it is wholly unfounded for the record before us is conclusive that the action is upon the note and mortgage pleaded in the complaint.

If appellants entertained the opinion that their payments should have been primarily applied in liquidation of their secured obligation in preference to the reduction of any of their unsecured indebtedness, they, in appropriate manner, should have presented such contention in the trial court. They refer us to no part of the record establishing that they directed the application of payments or that there was any agreement between the parties relative thereto. Search of the record on our own initiative reveals no such direction or agreement. In the absence thereof, the appellee could apply the money received by him to the unsecured indebtedness instead of the secured debt. *The M. A. Sweeney Company et al.* v. *Fry* (1898), 151 Ind. 178, 180, 51 N. E. 234. Appellants have not demonstrated that the amount of recovery was too large.

In the main, what we have heretofore said relative to the first specification of the new trial motion applies, with equal force, to most of appellants' points in regard to the remaining specifications of said motion. Here, again, general and abstract statements of law and fact are given without specific application to the record or any ruling of the court. Appellants complain, for instance, that a certain mortgage, referred to as the Bohannon mortgage, which, the record shows, they

assigned to appellee as additional security for their loans, was not reassigned to them by appellee. It is appellants' apparent theory that said assigned mortgage was accepted by appellee as "conditional payment" and that he was required to reassign it to appellants before rescission. There appears nothing in the record, as far as we can find, indicating that said mortgage was accepted by appellee as conditional payment or that there was any rescission. The record is clear that the Bohannon mortgage was assigned by appellants and accepted by appellee as additional security only, with an agreement by appellee to give appellants credit for any collection made thereon. The record shows a net collection by appellee, upon foreclosure of said mortgage, of $788.24 and appellants were credited therewith.

Said assigned Bohannon mortgage was foreclosed by appellee and, pursuant to the foreclosure decree, the mortgaged property was sold at Sheriff's sale for less than the judgment debt, so that there remains a deficiency judgment. Appellants now say that said judgment, at some future time, may be fully paid and thereby appellee will realize an amount in excess of appellants' indebtedness to him. However, we cannot find from the record that such issue was before the trial court in this action. In their plea of set-off appellants claimed a credit against their indebtedness to appellee of the full face value of said mortgage. Although the court's finding, in effect, was adverse to appellants as to the amount of the credit claimed, yet, as stated before, appellants were allowed credit for the net and only collection made by appellee on the security (assigned mortgage), thus indicating that the court adopted the testimony of appellee as establishing the true agreement and understanding of the parties. While, upon the record before us, we are not permitted to

judicially determine the question, we do, however, suggest that it seems consonant with sound, equitable principle that such portion of the deficiency judgment as remains unpaid at the time of the satisfaction of appellants' principal indebtedness should be restored to them by appropriate means. 41 Am. Jur., Pledge and Collateral Security, §98, note 5, and §99, note 10, pp. 654, 655. Restatement of the Law, Security, §49 (2), page 142.

Appellants say "there is no evidence as to the amount due on the note and mortgage sued upon." They no doubt have overlooked the testimony of appellee that as of January 1, 1953, the balance due on the mortgage was $2075.58. Appellants further say that the court "awarded attorney fees upon evidence tending only to prove a balance due on an open account." Here, again, they seem to have faltered in their reading of the record for the record discloses positive, direct, competent and undisputed evidence given by a duly qualified expert witness as to the reasonable value of the legal services rendered in this action.

We have determined all the questions presented and find no reversible error.

Judgment affirmed.

NOTE.—Reported in 125 N. E. 2d 251.