**Lauren E. THIBODEAU and Richard C. Christie, Plaintiffs,**

**v.**

**FOREMOST INSURANCE COMPANY, Defendant.**

**Cause No. S 82–503.**

United States District Court, N.D. Indiana, South Bend Division.

Jan. 18, 1985.

Thomas J. Brunner, Jr., John C. Hamilton, South Bend, Ind., for plaintiffs.

Gregory L. Kelly, South Bend, Ind., for defendant.

## MEMORANDUM and ORDER

ALLEN SHARP, Chief Judge.

Plaintiffs, Lauren E. Thibodeau [Thibodeau] and Richard C. Christie [Christie] brought this action against Foremost Insurance Company [Foremost] alleging that Foremost had violated the Age Discrimination in Employment Act [ADEA], 29 U.S.C. § 621 et seq. In Counts I and IV of their first amended complaint, plaintiffs allege that they are bringing their age discrimination action on behalf of themselves and a class of individuals who are "similarly situated." In Counts II, III, V and VI, plaintiffs have asserted state claims against defendant under Michigan law for breach of their employment contracts and abusive discharge. Defendant Foremost filed a Motion for Partial Summary Judgment seeking dismissal of Counts II, III, V and VI of plaintiffs' complaint on various grounds and seeking dismissal of plaintiff Christie's class allegations in Count IV because Christie did not assert in his EEOC charge that he was seeking redress for anyone but himself. Both parties have fully briefed the issues and oral argument was heard on August 14, 1984. The issues raised by defendant will be divided and addressed according to which plaintiff they apply to.

### I.

#### A.

In plaintiffs first amended complaint, plaintiff Thibodeau asserts that this court has jurisdiction based on diversity of citizenship over his state claims, Counts II and III. In its motion for partial summary judgment, Foremost maintains that this court does not have diversity jurisdiction because complete diversity between opposing parties in this case is lacking. Thibodeau maintains that complete diversity is not required and that this court can exercise subject matter jurisdiction over Mr. Thibodeau's state law claims on the ground of diversity of citizenship between Mr. Thibodeau and Foremost, without regard to

the non-diverse citizenship of plaintiff Christie.

■ Rule 8[a][1] of the Federal Rules of Civil Procedure requires that a pleading setting forth a claim for relief contain a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it. Fed.R.Civ. Proc. 8[a][1]. The reason for the rule is clear—federal courts are courts of limited jurisdiction. Further, there is no presumption in favor of jurisdiction and the basis for jurisdiction must be affirmatively shown. *Smith v. McCullough*, 270 U.S. 456, 46 S.Ct. 338, 70 L.Ed. 682 [1926].

■ Article III of the Constitution of the United States establishes federal courts as courts of limited jurisdiction and grants them diversity jurisdiction over "Controversies ... between Citizens of different States; ... and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects." U.S. Const. Art. III, Sec. 2. For this reason, statutes granting jurisdiction to the federal courts must be strictly construed. *See Healy v. Ratta*, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248 [1934], including the statute conveying diversity jurisdiction on federal courts. *See Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 [1941]; 28 U.S.C. § 1332[a][1].

■ In *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 [1806], the Supreme Court, when faced with an issue of diversity jurisdiction, first stated the rule of "complete diversity" when it held that a federal court could not exercise diversity jurisdiction when any opposing parties were citizens of the same state. This rule of complete diversity has been followed consistently except for one exception, interpleader cases which is not relevant here, Wright, *Law of Federal Courts*, § 24 [1983], and has most recently been reaffirmed in *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 [1978]. However, if a federal court has an independent basis for exercising jurisdiction over claims of non-diverse parties, claims against the diverse parties do not need to be dismissed. *Romero v. International Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 [1959].

In *Romero*, the plaintiff was a Spanish subject and crewman on a ship owned by "Compania Transatlantica," a Spanish corporation. While working on the ship while it was docked at Hoboken, a port of New York, Romero was injured by a cable. Romero filed suit in the District Court for the Southern District of New York against Compania Transatlantica, alleging claims under the Jones Act, 46 U.S.C. § 688, and general maritime law of the United States. Plaintiff also alleged in his complaint claims against Garcia & Diaz, Inc., a New York corporation under the Jones Act, general maritime law of the United States, and a maritime tort, and claims against International Terminal Operating Co. a Delaware corporation, and Quin Lumber Co., a New York corporation, based on a maritime tort. The District Court dismissed the complaint against all the defendants for various reasons and the second circuit affirmed. The Supreme Court reversed the lower court holding that the District Court had federal question subject matter jurisdiction to consider the Jones claim by Romero against Compania Transatlantica and could consider the general maritime claims against Compania Transatlantica under pendent jurisdiction to the Jones Act claim. The Supreme Court then addressed the diversity jurisdiction question and stated that:

Respondents Garcia & Diaz and Quin Lumber Company, New York Corporations and International Operating Company, a Delaware Corporation are of diverse citizenship from the petitioner, a Spanish subject. Since the Jones Act provides an independent basis of federal jurisdiction over the nondiverse respondent, Compania Transatlantica, the rule of *Strawbridge v. Curtiss*, 3 Cranch 267 [2 L.Ed. 435], does not require dismissal

of the claims against the diverse respondents.

358 U.S. at 381, 79 S.Ct. at 485.

■ Although *Romero* involved a case where one of the defendants was non-diverse to plaintiff and the case presently before this court involves a non-diverse plaintiff, the same analysis would apply. Mr. Christie, the non-diverse plaintiff in the case presently before the court has a federal claim under the ADEA and FLSA. Accordingly, since Mr. Christie can invoke this court's federal question jurisdiction as an independent basis of jurisdiction, this court is not required to dismiss the state claims of Mr. Thibodeau for lack of complete diversity. Such an outcome certainly appears logical since Mr. Thibodeau and Mr. Christie could have filed separate lawsuits and then there would have been no question of complete diversity.

### B.

The second ground for dismissing Mr. Thibodeau's state law claims raised by defendant in its motion for partial summary judgment is that Thibodeau asserts his state claims and requests relief under Michigan law and that Mr. Thibodeau possesses no causes of action under Michigan law. Rather, the defendant maintains that Mr. Thibodeau's claims are governed by Indiana law and because he did not allege that the causes of action arose under Indiana law or request relief as provided by Indiana law his claims should be dismissed. Although the defendant's position with respect to the choice of law issue is correct, its position with respect to dismissal is not supported by law.

In *Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 [7th Cir.1976], the Seventh Circuit Court of Appeals held that a complaint should not be dismissed and a party precluded from relief because a plaintiff's lawyer has misconceived the proper legal theory of the claim. If the complaint shows that the plaintiff is entitled to any relief which the court can grant, regardless of whether it asks for the proper relief, under the liberal rules of federal practice, the complaint is sufficient. 527 F.2d at 776–77.

■ Under Rule 8[a][2] of the Federal Rules of Civil Procedure, a pleading containing a claim for relief requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule, together with the other federal rules and decisions construing them clearly indicate that when a party has a valid claim, it should recover on it regardless of counsel's failure to perceive the true basis of the claim at the pleading stage, provided that a late shift in the thrust of the case will not prejudice the other party in maintaining a defense upon the merits. Fed.R.Civ.Proc. 8[a], 8[e], 8[f], 15[b], 54[c]; *see, e.g., Janke Construction Co. v. Vulcan Materials, supra;* 5 Wright & Miller, Federal Practice and Procedure: Civil § 1219.

■ In the case presently before the court, plaintiff Thibodeau alleges claims under Michigan law for breach of employment contract and abusive discharge in Counts II and III respectively of his first amended complaint. Under appropriate choice of law rules and the record in this case, the laws of the State of Indiana govern the contract in question and the claims Thibodeau makes pursuant to the contract. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 [1938]; *Coldwell Banker & Co. v. Karlock*, 686 F.2d 596, 600 [7th Cir.1982]; *Peresipka v. Elgin, Joliet & Eastern Ry. Co.*, 231 F.2d 268 [7th Cir.1956]; *Sullivan v. Savin Business Machines Corp.*, 560 F.Supp. 938 [N.D.Ind.1983]; *Dart Indus. v. Adell Plastics*, 517 F.Supp. 9 [S.D.Ind.1980]; *W.H. Barber Co. v. Hughes*, 223 Ind. 570, 63 N.E.2d 417 [1945]; *Suyemasa v. Myers*, Ind.App., 420 N.E.2d 1334 [1981]; *Clow Corp. v. Ross Township School Corp.*, 179 Ind.App. 125, 384 N.E.2d 1077 [1979]; *Utopia Coach Corp. v. Weatherwax*, 177 Ind. App. 321, 379 N.E.2d 518 [1978]. Thus, plaintiff's counsel misconceived the proper law to be applied in deciding the claims alleged. However, the claims themselves

set forth the legal theory upon which they are based and the basic thrust of the case has not changed so the defendant has not been prejudiced. Accordingly, the defendants are not entitled to dismissal of Counts II and III under this theory.

## C.

The last issue raised by defendant in its motion for partial summary judgment as to Thibodeau's claims involves the doctrine of res judicata. Foremost maintains that Thibodeau cannot relitigate the issue that "[d]efendant breached such contract ... by failing to pay to plaintiff compensation pursuant to which he was then [at termination] entitled" because the claim has already been litigated in the St. Joseph Superior Court, Mishawaka Division in the case entitled *Thibodeau v. Foremost Insurance Company,* Cause No. M81–CV–408. Although plaintiff concedes that res judicata is applicable as a bar to recovery for compensation due him because of the State court action, this court finds that Thibodeau's State claims are barred completely under res judicata.

The doctrine of res judicata or claim preclusion has been the subject of much attention in recent years. *See, e.g., Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 [1984]; *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 [1982]; *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 [1980]; *Hagee v. City of Evanston,* 729 F.2d 510 [7th Cir.1984]; *Marrese v. American Academy of Orthopaedic Surgeons,* 726 F.2d 1150 [7th Cir. 1984], cert. granted —— U.S. ——, 104 S.Ct. 3553, 82 L.Ed.2d 854 [1984]; *Wakeen v. Hoffman House, Inc.,* 724 F.2d 1238 [7th Cir.1983]; *Warren v. McCall,* 709 F.2d 1183 [7th Cir.1983]; *Lee v. City of Peoria,* 685 F.2d 196 [7th Cir.1982]. Although the major emphasis in these cases has been the preclusive effect of a state court judgment in the context of a subsequent federal suit based on federal law, in many cases 42 U.S.C. § 1983, the same principles apply in a federal suit alleging state claims under pendent jurisdiction.

■ Under the Full Faith and Credit clause of the Constitution, as implemented by the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which that judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.,* 104 S.Ct. at 896; *Kremer v. Chemical Construction Corp.,* 456 U.S., at 466, 102 S.Ct., at 1889; *Allen v. McCurry,* 449 U.S., at 95, 101 S.Ct., at 415. In *Allen,* the Supreme Court of the United States found that the doctrine of collateral estoppel, or issue preclusion was applicable and therefore that issues actually litigated in a state-court proceeding were entitled to the same preclusive effect in a subsequent federal § 1983 suit as they would have enjoyed in the courts of the state where the judgment was rendered. However, the *Allen* court did not address the applicability of res judicata, or claim preclusion in such a setting. That issue was subsequently resolved by the court in *Migra v. Warren City School Dist. Bd. of Educ.* The court in *Migra,* relying on the same underlying principles including notions of comity, the need to prevent vexatious litigation and conserving judicial resources, found that claim preclusion was applicable to subsequent federal suits based on § 1983. 104 S.Ct., at pp. 897–98. The application of res judicata has also been applied in other contexts based on other federal laws. *See, Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 [1982] [Title VII of the Civil Rights Act of 1964]; *Marrese v. American Academy of Orthopaedic Surgeons,* 726 F.2d 1150 [7th Cir. 1984]; [Section 1 of Sherman Act, 15 U.S.C. § 1] *Wakeen v. Hoffman House, Inc.,* 724 F.2d 1238 [7th Cir.1983] [Title VII of Civil Rights Act of 1964].

■ In the case presently before the court, plaintiff Thibodeau has asserted claims against Foremost under the ADEA, for breach of employment contract and for

abusive discharge. The record reflects that Thibodeau filed suit and obtained a judgment against Foremost in the case of *Lauren E. Thibodeau v. Foremost Insurance Company* in the St. Joseph Superior Court, Mishawaka Division, Cause No. M81–CV–408. Accordingly, this court must apply the preclusion law of Indiana to determine what preclusive effect that judgment has on the claims presented herein.

■ In Indiana, the law requires that the following elements be satisfied in order to apply the doctrine of res judicata: [1] the former judgment must have been rendered by a court of competent jurisdiction; [2] the former judgment must have been rendered on the merits; [3] the matter now in issue was, or might have been, determined in the former suit; and [4] the controversy adjudicated in the former action must have been between parties to the present suit or their privies. *See, e.g., T.R. v. A.W. by Pearson,* Ind.App., 470 N.E.2d 95, 96 [1984]; *Williams v. Williams,* Ind.App., 427 N.E.2d 727 [1981]; *Glass v. Continental Assurance Co.,* Ind.App., 415 N.E.2d 126 [1981]. The only element at issue in this case concerns the scope of the issues precluded by the state court judgment.

■ Under res judicata or claim preclusion in Indiana, a party is not allowed to split a cause of action, pursuing it in a piecemeal fashion and subjecting a defendant to needless multiple suits. *Indiana State Highway Commission v. Speidel,* 181 Ind.App. 448, 392 N.E.2d 1172 [1979]. However, two or more separate causes of action may arise from the same act or transaction and in such a case a judgment on one action does not bar suit on the second. *See, e.g., Moxley v. Indiana National Bank,* Ind.App., 443 N.E.2d 374, 379 [1982]; *Indiana State Highway Commission v. Speidel, supra* at 1175; *Hammond Pure Ice & Coal Co. v. Heitman,* 221 Ind. 352, 47 N.E.2d 309 [1943]. In determining whether only a single cause of action exists, the test is whether identical evidence will support the issues involved in both actions. *See, e.g., Peterson v. Culver Educational Foundation,* Ind.App., 402

N.E.2d 448, 461 [1980]; *Fairwood Bluffs Conservancy Dist. v. Imel,* 146 Ind.App. 352, 255 N.E.2d 674 [1970]. Further, as a general rule, only one cause of action arises from the breach of a contract and where an action is brought on a contract, all claims arising thereunder and then due constitute an entire and indivisible cause of action and a judgment therein is a bar to any further action for any claims arising out of such breach. 17 I.L.E. *Judgment* § 358, p. 399 [1959]. This general rule applies to employment contracts and where an employee is wrongfully discharged, he may only bring one action for the entire breach and a recovery therein bars a subsequent action for the breach of the same contract. *Richardson v. Eagle Mach. Works,* 78 Ind. 422 [1881].

■ In the case presently before the court, the record reveals that Count II of the Second Amended Complaint for Specific Performance and Damages filed by Thibodeau in his state court action contains allegations that Foremost breached its employment contract with Thibodeau by withholding Thibodeau's salary, vacation pay and other accrued benefits and that such action also violated I.C. 22–2–5–1. [Exhibit B attached to Defendant's Memorandum in Support of Motion for Partial Summary Judgment]. In Count II of Thibodeau's First Amended Complaint filed in the case presently before the court, Thibodeau is again seeking damages for breach of his employment contract. Inasmuch as Thibodeau obtained a judgment in his state court action, he is barred under Indiana law from pursuing the same action here. Accordingly, Count II of plaintiffs' First Amended Complaint is DISMISSED.

■ The last state law claim by Thibodeau in the case presently before the court is contained in Count III of the First Amended Complaint. In Count III entitled Abusive Discharge, Thibodeau alleges that Foremost acted with malice and in reckless disregard of his rights under Michigan law and in conscious violation of the ADEA in terminating him and seeks punitive damages therefore in the sum of $100,000.00.

As indicated earlier in this opinion, the law of the State of Indiana is applicable to Thibodeau's claims. Under Indiana law, there is no cause of action for wrongful or abusive discharge if the contract of employment has no provisions relating to discharge and is terminable at the will of either party thereto. *See, e.g., Martin v. Platt,* 179 Ind.App. 688, 386 N.E.2d 1026 [1979]. It is also well settled in Indiana that the wrongful discharge of an employee under a contract of employment for a definite term gives rise to a cause of action for damages for breach of contract. *See, e.g., Pepsi-Cola General Bottlers, Inc. v. Woods,* Ind.App., 440 N.E.2d 696, 699 [1982]. In the case presently before the Court, the record does not reveal the employment contract or terms contained therein upon which Thibodeau asserts his claim for abusive discharge. Accordingly, this court cannot determine if the contract was for a definite term or at will and thus cannot determine if Thibodeau can state a claim for abusive discharge under Indiana law. However, if he could, such a claim would be for breach of his employment contract which would be barred on res judicata principles as discussed above. Accordingly, Count III of Thibodeau's first amended complaint is DISMISSED to the extent it is based on state law.

## II.

### A.

In plaintiffs' first amended complaint, Plaintiff Christie alleges that this court has pendent jurisdiction over his state claims, Counts V and VI. In its motion for partial summary judgment, Foremost requests that this court decline to exercise pendent jurisdiction over Christie's state claims for various reasons which the court finds well supported.

In the landmark case of *United Mineworkers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 [1966], the U.S. Supreme Court held that a federal court could constitutionally exercise jurisdiction over pendent state law claims only if: [1] the federal claim being asserted was substan-

tial; [2] the state and federal claims derived from a common nucleus of operative fact; and [3] the claims were such that plaintiff would ordinarily be expected to try them all in one judicial proceeding. 383 U.S. at 724, 726, 86 S.Ct. at 1137, 1139, 16 L.Ed.2d at 227, 228. The Court further stated that if these three requirements were satisfied, a federal court should use its discretion in deciding whether pendent jurisdiction should be exercised. *Id.* 383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228. In recent decisions the Supreme Court has held that a federal court's discretion to hear state claims is limited not only by the Constitution but by federal statutory law as well. *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 [1976]; *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 [1973]; *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 [1978]. In *Owen,* the Supreme Court stated:

"It is apparent that Gibbs delineated the constitutional limits of federal judicial power. But even if it be assumed that the District Court in the present case had constitutional power to decide the respondent's lawsuit against the petitioner, it does not follow that the decision of the Court of Appeals was correct. Constitutional power is merely the first hurdle that must be overcome in determining that a federal court has jurisdiction over a particular controversy. For the jurisdiction of the federal courts is limited not only by the provisions of Art. III of the Constitution; but, by the Acts of Congress. [Citations omitted.]

That statutory law as well as the Constitution may limit a federal court's jurisdiction over non-federal claims is well illustrated by two recent decisions of this court, Aldinger [supra], and Zahn, [supra].... In each case, despite the fact that federal and non-federal claims arose from a "common nucleus of operative fact," the Court held that the statute conferring jurisdiction over the federal

claim did not allow the exercise of jurisdiction over the non-federal claim.

The Aldinger and Zahn cases, thus, make clear that a finding that federal and non-federal claims arise from a "common nucleus of operative fact," the test of Gibbs, does not end the inquiry into whether a federal court has power to hear the non-federal claims along with the federal ones. Beyond this constitutional minimum, there must be an examination of the posture in which the non-federal claim is asserted and of the specific statute that confers jurisdiction over the federal claim, in order to. determine whether "Congress in [that statute] has ... expressly or by implication negated" the exercise of jurisdiction over the particular non-federal claim." [Citations omitted.]

437 U.S. at 371–73, 98 S.Ct. at 2401–02, 57 L.Ed.2d at 280–82.

■■■ Thus, a federal court must now apply a three-step analysis in determining whether it may exercise jurisdiction over a pendent state claim. First, using the test enunciated in *United Mineworkers v. Gibbs, supra,* it must be decided whether the assertion of pendent jurisdiction is constitutionally permissible. Second, the court must look to the federal statute being asserted and "... determine whether 'Congress in [that statute] has ... expressly or by implication negated' the exercise of jurisdiction over the particular non-federal claim." 437 U.S. at 373, 98 S.Ct. at 2402, 57 L.Ed.2d at 282. If the statute evidences such an intent the court may not exercise its discretion and assume pendent jurisdiction. *Id.* Finally, if the court determines that the exercise of pendent jurisdiction is not prohibited by the Constitution or federal statutory law, it must exercise its own discretion in deciding whether it will or will not assert jurisdiction over the pendent state claim. *Id.*

In the case presently before the Court, the assertion of pendent jurisdiction is constitutionally permissible and the ADEA does not appear to expressly or by implication indicate that this court should not ex-

ercise pendent jurisdiction. Thus, plaintiff Christie has overcome the first two steps of the analysis. This court, however, in the exercise of its discretion declines to assert pendent jurisdiction over Christie's state law claims as set forth in Counts V and VI of the first amended complaint.

■■■ Christie's state law claims for breach of employment contract and abusive discharge are brought under Michigan law and involve unresolved questions of state law. *Jong-Yul Lim v. International Institute of Metropolitan Detroit, Inc.,* 510 F.Supp. 722, 726 [E.D.Mich.1981]; *cf. Schipani v. Ford Motor Co.,* 102 Mich.App. 606, 302 N.W.2d 307 [1981]; *Hrab v. Hayes-Albion Corp.,* 103 Mich.App. 90, 302 N.W.2d 606 [1981]. This factor may be considered in determining whether to exercise pendent jurisdiction over state claims. *United Mine Workers v. Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139; *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 [1973]. Accordingly, Counts V and VI of plaintiff's first amended complaint are hereby DISMISSED without prejudice.

### B.

The second issue raised in defendants motion for Partial Summary Judgment with respect to Christie's claims is whether Christie can bring a class action under the ADEA. On January 4, 1985, plaintiff by counsel filed a pleading indicating that plaintiffs no longer wished to proceed with a class action under the ADEA. Accordingly, this issue is moot.

### III.

For the foregoing reasons, defendant's Motion for Partial Summary Judgment is GRANTED in part and DENIED in part. Counts II and III of Plaintiffs' first amended complaint are DISMISSED on the grounds of res judicata. Counts V and VI are DISMISSED on the grounds that this court declines to exercise pendent jurisdiction over the claims asserted therein. SO ORDERED.