**NOBLESVILLE CLUB BAR, INC.**

v.

**BOARD OF COMMISSIONERS OF HAMILTON COUNTY.**

No. IP 88–60–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

June 2, 1988.

James R. Nickels of Castor & Nickels, Indianapolis, Ind., Douglas B. Floyd of Campbell, Kyle & Proffitt, David Tudor, Noblesville, Ind., for plaintiff.

Ezra H. Friedlander, Friedlander & Kirsh, Indianapolis, Ind., for defendant.

ORDER

STECKLER, District Judge.

This matter is before the Court upon defendant's motion to stay proceedings and defendant's motion to dismiss. The Court has reviewed the motions, the memorandums of law, and the affidavits. The Court now finds that the action must be dismissed.

Background

Plaintiff, Noblesville Club Bar, Inc. ("Noblesville Club Bar"), filed this action against the Board of Commissioners of Hamilton County ("Hamilton County Board") on January 19, 1988. In the complaint, plaintiff alleges that its real estate is within the boundaries of the "Courthouse Expansion Project." Plaintiff contends that defendant's actions in connection with the courthouse expansion project have resulted in the "taking of plaintiff's property without due process of law and without just compensation." Plaintiff states claims for: (1) violation of plaintiff's civil rights under 42 U.S.C. § 1983; (2) failure to comply with the Indiana Eminent Domain Act of 1905, as amended; (3) invasion of plaintiff's property; and (4) substantial and unreasonable interference with the use and enjoyment of plaintiff's real estate. Plaintiff, through its complaint, seeks equitable relief and money damages.

However, at the time plaintiff filed this action in federal court, it was already a party to two lawsuits in state court which also involved the courthouse expansion project. On November 19, 1987, the No-

blesville Club Bar had filed an action against the Hamilton County Board in Hamilton County Superior Court. The complaint in the state court action contained allegations which were substantially similar to the allegations in this action.[1] Plaintiff was also a defendant in a lawsuit filed by Hamilton County in Hamilton County Superior Court. Hamilton County in its complaint sought to appropriate property of the Noblesville Club Bar under the Indiana Eminent Domain Act.

On March 1, 1988, Judge Jerry M. Barr of Hamilton County Superior Court No. 2 consolidated these two state court actions. On that date Judge Barr also granted the Hamilton County Board's motion to dismiss Count I and Count IV of the Noblesville Club Bar's state court complaint. Count I alleged a violation of the Constitution of the State of Indiana; Count IV alleged a violation of 42 U.S.C. § 1983. On April 1, 1988, Judge Barr issued his findings of fact, conclusions of law and order in the consolidated action. Judge Barr held that Hamilton County is entitled to condemn and appropriate the subject real estate. Judge Barr further held that three (3) disinterested freeholders should be appointed to assess the damages and benefits Noblesville Club Bar may sustain by reason of an appropriation by Hamilton County.

Analysis

■ Since Judge Barr has entered findings of fact, conclusions of law and an order in the consolidated state court action, the Noblesville Club Bar's federal court action is barred by res judicata. Under the Full Faith and Credit Clause of the United States Constitution, as implemented by the Full Faith and Credit Statute, 28 U.S.C. § 1738, this federal court must give an Indiana state court judgment the same preclusive effect the judgment would have under the law of the State of Indiana. *See Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 378, 105

S.Ct. 1327, 1330, 84 L.Ed.2d 274 (1985); *Lisak v. Mercantile Bancorp, Inc.,* 834 F.2d 668, 669 (7th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1472, 99 L.Ed.2d 700 (1988). In Indiana, the doctrine of res judicata precludes a subsequent claim when: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now in issue was, or might have been, determined in the former suit; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies. *See Thibodeau v. Foremost Insurance Co.,* 605 F.Supp. 653, 659 (N.D.Ind.1985).

■ In this case all four of the elements of res judicata are satisfied. First, the Hamilton County Superior Court was a court of competent jurisdiction to decide the appropriation dispute. Second, the court rendered its decision on the merits; Judge Barr issued findings of fact and conclusions of law.[2] Third, the appropriation matter now in issue in federal court was determined in the consolidated state court action. Fourth, and finally, the parties in the present federal court action were both parties to the consolidated state court action. Since all of the elements of res judicata are satisfied, this action is barred.

Accordingly, by reason of the foregoing, the Court hereby GRANTS the defendant's motion to dismiss.

IT IS SO ORDERED.

---

**1.** Unlike the federal court action, the state court action contained a claim under the Indiana Constitution and did not contain a claim under the Indiana Eminent Domain Act of 1905, as amended.

**2.** This Court could have dismissed this case even prior to Judge Barr's decision under the abstention doctrine. *See Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813–19, 96 S.Ct. 1236, 1244–47, 47 L.Ed.2d 483 (1976).