**Juan Serrano BURGOS, et al., Plaintiffs,**

v.

**Catalino CAMARENO, et al., Defendants.**

**Civ. No. 87–1388(PG).**

United States District Court, D. Puerto Rico.

March 10, 1989.

John E. Mudd, Hato Rey, P.R., for plaintiffs.

José L. Delgado Cadilla, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Plaintiffs herein are owners, operators, and former owners of commercial establishments leased from the Municipality of Guaynabo, Puerto Rico, for the operation of a public marketplace ("Plaza de Mercado") in said town. On October 14, 1987, they filed the above-captioned complaint against municipal official Catalino Camareno and the Municipality of Guaynabo. In essence, they allege that over a period of two years their businesses suffered over twenty burglaries due to the defendants' failure to adequately repair the buildings that housed the establishments, and their failure to post guards in the area, in spite of plaintiffs' repeated requests that they do so.

Plaintiffs claim they are entitled to damages under 42 U.S.C. § 1983 because, in their view, defendants' failure to act resulted in their being deprived of their property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

Plaintiffs also make several claims under state law which they request we entertain pursuant to the doctrine of pendent jurisdiction. All plaintiffs seek damages for breach of contract under Article 1444 of the Puerto Rico Civil Code, 31 L.P.R.A. § 4051, alleging that defendants failed to meet their duties to make all necessary repairs upon the leased properties and to maintain the lesees in the peaceful enjoyment of the lease during the period of the contract. In addition, co-plaintiff Rafael Garratón Mier also alleges that he was libeled by co-defendant Catalino Camareno when he went to complain about one of the burglaries, for which he seeks damages under Article 1802 of the Civil Code, 31 L.P.R.A. § 5141, and 32 L.P.R.A. §§ 3141–3149.

Before us are defendants' Motions to Dismiss and for Summary Judgment. For the reasons set forth below, we dismiss both plaintiffs' Section 1983 claims as well as their pendent state claims.

■ The Due Process Clause of the Fourteenth Amendment provides that "(n)o State shall ... deprive any person of life, liberty, or property, without due process of law." Plaintiffs herein contend that the State deprived them of their property interests by failing to provide them with adequate protection against burglaries. The claim is one involving the substantive rather than the procedural component of the Due Process Clause; plaintiffs do not claim that the Municipality denied them protection without according them appropriate procedural safeguards, but rather, that the Municipality was categorically obligated to protect them under the aforementioned circumstances.

We cannot agree with their contention. The U.S. Supreme Court has recently held that "nothing in the language of the due process clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago County Dept. of Social Services*, — U.S. —, —, 109 S.Ct. 998, 1003, 103 L.Ed.2d 249 (1989) (State's failure to provide minor with ade-

quate protection against father's violence did not violate minor's rights under substantive component of due process clause). The clause is phrased as a limitation on the State's power to act, not as guarantee of certain minimal levels of safety and security. *Id.* It forbids the State itself from depriving individuals of their life, liberty, or property without due process, "but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *Id.*

Section 1983 provides a private right of action only to those who allege that they have been deprived of rights, priveleges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). Since, in light of *DeShaney, supra,* plaintiffs' allegations clearly fail to rise to the level of a constitutional deprivation, and since no other deprivation of federally protected rights is alleged, their Section 1983 claims must accordingly be dismissed.

We turn next to the pendent state claims. It is well settled that the doctrine of pendent jurisdiction is one of judicial discretion, not of plaintiff's right. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). A federal court can constitutionally exercise jurisdiction over pendent state law claims only if: 1) the federal claim being asserted is substantial; 2) the state and federal claims derive from a common nucleus of operative facts; and 3) the claims are such that plaintiff would ordinarily be expected to try them all in one judicial proceeding. *Id.* at 724, 86 S.Ct. at 1137.

If the court determines that the exercise of pendent jurisdiction is permissible under these tests, it must exercise its own discretion in deciding whether or not it will assert jurisdiction over the pendent state claim. *Thibodeau v. Foremost Ins. Co.,* 605 F.Supp. 653, 661 (N.D.Ind.1985). While considerations of fairness, judicial economy, and convenience weigh in favor of the exercise of jurisdiction, factors such as uncertainty as to the applicable state law and/or the predominance of state issues

counsel against it. *Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139.

Where the federal claims are dismissed before trial, however, the federal court has a "powerful reason" to choose not to continue to exercise jurisdiction over the pendent state law claims. *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988). In *Gibbs, supra,* the Court stated that "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." 383 U.S. at 726, 86 S.Ct. at 1139. In a later case the Court subsequently explained that this statement was not meant to establish a mandatory rule to be applied inflexibly in all cases. *See Rosado v. Wyman,* 397 U.S. 397, 403–405, 90 S.Ct. 1207, 1213–14, 25 L.Ed.2d 442 (1970). However, the Court recently made clear that "in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie–Mellon, supra,* 108 S.Ct. at 619, n. 7. In our view, this is such a case.

In light of the above, we hereby GRANT defendants' motion to dismiss and ORDER that both plaintiffs' claims under 42 U.S.C. § 1983 and their pendent state law claims be dismissed.

IT IS SO ORDERED.